## HOLMES v. SHIRLEY et al.

No. 26755. Nov. 10, 1936.

Rehearing Denied Dec. 8, 1936.

C. E. B. Cutler and J. Romeo Settle, for plaintiff in error.

Edwin A. Ellinghausen, for defendants in error.

BUSBY, J. Robert Pigeon was a half-blood member of the Creek Tribe of Indians, enrolled opposite roll No. 125. As a Creek citizen he received an allotment in severalty of lands situated in Okmulgee county, Okla. He died in 1918. His estate was probated in the county court of Muskogee county. A dispute arose in connection with the distribution of his estate as to the right of his widow, Josie Pigeon, who was not a citizen of the Creek Tribe, to inherit his allotted lands.

The county court of Muskogee county and the district court of that county on appeal therefrom held that Josie Pigeon was not entitled to inherit. The cause was then appealed to this court. Our decision in that case reversing the trial court was filed on April 5, 1921. It is styled In re Estate of Robert Pigeon, Pigeon, Adm'x, v. Stevens, and reported in 81 Okla. 180, 198 P. 309. We therein held that Josie Pigeon was the sole and only heir of Robert Pigeon. The decision prepared by Justice Kennamer was concurred in by four other justices of this court, a bare majority. Three justices noted their dissent.

A petition for rehearing was filed by the defendants in error in that case, who claimed to be the heirs at law and entitled to inherit the estate of the deceased allottee. A response to the petition for rehearing was filed in behalf of Josie Pigeon. While that case was pending on rehearing in this court,

the parties to the litigation entered into a settlement agreement which was reduced to writing. This agreement was executed on the 2nd day of May, 1921, and, by its terms, Josie Pigeon agreed to deed to the adverse parties in the litigation a portion of the land involved in consideration of their agreement to withdraw the petition for rehearing and not to prosecute the case further. It was agreed, in substance, that necessary deeds should be executed and placed in a depository to be delivered when the petition for rehearing had been withdrawn.

On May 16, 1921, the losing parties filed a motion in this court to withdraw the petition for rehearing. On May 17th, this court entered its memorandum order striking the petition for rehearing, and the mandate of this court was issued to the trial court on May 20, 1921. The deeds previously executed were then delivered and recorded in the office of the county clerk in the county wherein the land is situated.

On the 30th day of December, 1933, more than twelve years after the settlement agreement had been made and the deeds in connection therewith had been executed and delivered, Josie Holmes, who was the former Josie Pigeon, commenced this action in the district court of Okmulgee county against Gracie I. Shirley, C. F. Speary, the Texas Pipe Line Company of Oklahoma, a corporation, Jim Carson, and the Link Oil Company, as defendants. She sought to cancel and set aside the deeds executed in connection with the settlement agreement on the ground of fraud in the procurement thereof. The basis of her claim of fraud was that she had been induced to enter into the settlement agreement by one of the attorneys for the adverse parties in the litigation which had previously been before this court. She asserted, in substance, that the attorney had fraudulently and corruptly failed to reveal to her the fact that she had procured a favorable decision in this court. She also asserted, in substance, that she did not then know and did not find out until years later that such favorable decision had been rendered at the time she executed the deeds in question.

Issues were joined in the trial court by appropriate pleadings filed in behalf of the defendants Gracie I. Shirley and James Carson. The other defendants were eliminated prior to the trial. The cause was tried to and decided by the lower court without the intervention of a jury.

The decision of the trial court was for the defendants and was based upon the finding that there was no fraud committed by them in connection with the procurement of the deeds involved.

Plaintiff, Josie Holmes, formerly Josie Pigeon, brings the case to this court on appeal for review. Her sole and only contention is that the decision of the trial court finding that she was not induced to execute the deed to the defendants by false and fraudulent misrepresentations is not sustained by the evidence.

An examination of the plaintiff's testimony discloses that it supports, in substance, with minor discrepancies which we shall not herein discuss, the allegations and statements contained in her petition. The attorney who was representing the opposite side and who plaintiff says induced her to enter into the settlement agreement and execute the deeds in question is now deceased. In fact he had departed this life before this action was commenced. Death having silenced his lips, he was not present to dispute the plaintiff's version of what transpired. However, her testimony was not undisputed. The Hon. W. J. Crump, a practicing attorney of this state and who was for eight years one of the district judges of this state, represented the plaintiff in the litigation previously before this court. He also represented her in connection with the settlement agreement previously mentioned in this opinion. In the trial of this case he testified as a witness concerning the transactions involved. No question of privileged communication is presented in connection with his testimony. He testified very positively that he advised with the plaintiff fully at the time the settlement agreement was made and advised her to make the settlement agreement; that he carefully explained to her the status of the case in this court at that time; that a decision had been rendered, but that the same was pending upon petition for rehearing; that the nature of the questions were such that they could be reviewed by the Supreme Court of the United States; that there existed a possibility that this court might recede from its expressed opinion and that there also existed a possibility that the United States Supreme Court on appeal from our former decision might entertain a different view of the law.

The written settlement agreement executed between the parties supports this version of the transaction. It bears both the signature of the parties thereto and their attorneys and it is therein recited as follows:

"Whereas, the Supreme Court of the state of Oklahoma in an opinion handed down on

April 5, 1921, by its opinion and judgment vested the title in and to said land in the said Josie Pigeon and which said opinion has not become final but is now pending upon a petition for rehearing filed by the parties of the second part. * * *"

It is not contended that the plaintiff herein is an illiterate person or unable to read and write. There is ample testimony in the record that she signed the settlement agreement; there is ample testimony in the record supporting the view that she entered into the settlement agreement with full knowledge of the facts and circumstances and upon the advice of her own counsel. The testimony further amply supports the view that she executed the written settlement agreement with full and complete knowledge of its contents and effect.

The trial court found that the transactions were free from fraud. The finding was amply supported by the evidence.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BAYLESS, JJ., absent.