BEIDLEMAN et al. v. ANDERSON.

No. 31595. Feb. 6, 1945.

Rehearing Denied March 13, 1945.

*156 P. 2d 611.*

Geo. C. Beidleman, of Okmulgee, for plaintiffs in error.

E. F. Maley, of Okmulgee, for defendant in error.

BAYLESS, J. Forest Anderson filed suit in the district court of Okmulgee county to quiet title to real estate. He made Robert R. Beidleman, a claimant to title to the property by virtue of a resale deed, and others parties defendant, and Beidleman appeals from a judgment in favor of Anderson.

There is no occasion to discuss three

of the five propositions presented by Beidleman. Two of them would be material only if Anderson had cross-appealed, and the need to discuss the other ceases in view of our holding in Beidleman's favor.

Anderson pleaded title based on (1) a sheriff's deed; (2) a deed from George Beidleman dated in 1933, and (3) a deed from Ethel Anderson, shown to be his daughter, who based her title on resale deed dated in 1939. Robert Beidleman based his claim of title on a resale deed dated in 1942.

The trial court found (1) that the resale deed of 1939· "is void and of no effect" and "operated only as payment of taxes for which the land was advertised"; and (2) that the resale deed of 1942 to Robert Beidleman "is void, and did not convey to the said Robert R. Beidleman any interest in said lands, for the reason that said lands were erroneously described in the annual sale." Title was quieted in Anderson as against the Beidlemans.

This land is located in section 35, township 13 north, range 13 east, but in the list of properties being offered for sale in 1939, at the regular sale, it was erroneously described as in range -3 East. Beidleman used the testimony of several witnesses, among them the county surveyor, an attorney, and two persons who dealt in real estate in that county and paid particular attention to tax sales, in an effort to show that the error in description did not mislead.

The only reason assigned by the trial judge for invalidating the 1942 deed was the erroneous description. This is assigned as error, and our determination as to it is decisive of the appeal.

The established rule is that a tax deed or resale deed is void if the erroneous description is material and misleading. Terwilleger v. Bridges, 192 Okla. 642, 138 P.·2d 79, and Watts v. Merriweather, 184 Okla. 32, 84 P. 2d 643. Generally, the description of the property in such a notice will be held to be sufficient if it is such as will enable the owner and

prospective purchasers to identify and locate the land to be sold with substantial certainty and if not calculated to mislead. Terwilleger v. Bridges, supra.

The witnesses testified that there was no range (3) in Okmulgee county and they were of the opinion on reading the formula "Range -3 East" that "Range 13 East" must have been intended. They further testified that they were strengthened in this belief by the fact that all of the properties being offered for sale in Severs township (the township wherein this land was situated) were segregated under that head, and that the notation that four acres was excluded for church purposes was an aid to them in identifying the property. We have examined the list of properties offered for sale, as disclosed by that portion of the advertisement included in this record, and observe that tracts of land in township 13, range 12, are first described, being set out in numerical order with respect to the sections therein; and that these are followed by about 60 tracts of land in township 13, range 13, all set out in numerical order with respect to the sections, and the use of 13 in describing the range in this last group is uniform except in this one instance, when it appears as follows:

"Description        Sec. T.   R.   Amt.
N2 SW less 4 ac ch 35 13 -3 35.69"

The appearance indicates a typographical error, and the position this description occupies with respect to all those preceding it in their invariable uniform order leads us to believe and hold that the above-quoted description is not such as to mislead, but on the contrary would enable "the owner and prospective purchasers to identify and locate the land . . . with substantial certainty . . . ."

The action was one involving equitable principles, and on appeal it is the duty of this court to weigh the evidence. We do not reverse the judgments of trial judges in such matters unless we can say that the particular judgment is clearly against the weight of the evidence. In this case we think it is.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, CORN, DAVISON, and ARNOLD, JJ., concur.