ANDERSON v. BEIDLEMAN et al.

No. 32501. Feb. 18, 1947.

Rehearing Denied March 11, 1947.

*178 P. 2d 81.*

E. F. Maley, of Okmulgee, and Criswell & Criswell, of Wewoka, for plaintiff in error.

Geo. C. Beidleman and Henry M. Beidleman, both of Okmulgee, for defendant in error.

RILEY, J. On a former appeal, a judgment quieting title to land in Anderson, avoiding a resale tax deed of 1942 to Robert R. Beidleman, because of erroneous description of land in proceedings leading to the annual sale, was reversed and the cause remanded for further proceedings not inconsistent. Beidleman et al. v. Anderson, 195 Okla. 203, 156 P. 2d 611.

After remand of the cause, Anderson, by leave of court, filed an amended petition wherein he set forth a new ground to avoid said resale tax deed.

In substance, the new ground so alleged was that plaintiff, in good faith, had sought in due time, at the proper county treasurer's office, to pay all taxes due and delinquent upon the land involved and including the taxes for the year 1938 upon which said resale tax deed was based. That by error in the office of the county treasurer and without plaintiff's fault, his tender of all taxes due and delinquent against the land was not accepted except as to the taxes for the year 1940, which plaintiff paid.

Plaintiff also alleged his subsequent payment into court and a tender of all taxes, penalties, interest, and costs due against the land.

Defendants' motion to strike from plaintiff's petition allegations relating to the error of description, which had theretofore been adjudged by this court on appeal, was sustained. Thereupon defendants moved to strike all amended pleadings and for judgment in their favor. The motion was sustained and judgment was rendered quieting title to the land in Robert R. Beidleman. Plaintiff has appealed by transcript.

Subsequent to appeal, defendants' motion to dismiss was denied by order of this court. Defendants now renew their motion and contend that as motions and preliminary orders of the trial court are not considered a part of the judgment roll, errors contained in such orders may not be presented on review by a mere transcript, but are subject to review only by bill of exceptions or by case-made.

Since the substance of the motion to strike plaintiff's amended petition, as modified, and the trial court's action thereon constitute a part of the judgment rendered, and since the judgment is a part of the record, errors contained therein may be reviewed by transcript. We adhere to our former order. Leonard v. Tulsa Bldg. & Loan Ass'n, 184 Okla. 558, 88 P. 2d 875.

Plaintiff presents alleged error of the trial court in striking amended pleadings as modified and rendering judgment for defendants.

Defendants contend that where all issues are determined on appeal and there is nothing further to litigate, after mandate is spread of record, a judgment rendered thereon becomes final. Pyle v. Pennington Gro. Co., 187 Okla. 133, 101 P. 2d 847.

It is readily apparent from the record and the former opinion of this court reversing the judgment and remanding the cause for proceedings not inconsistent, that finality of the litigation was not necessarily intended.

Where a judgment has been reversed and the cause remanded for further proceedings not inconsistent, the status of proceedings in the trial court is the same as though no trial had been held. Thereafter pleadings may be amended and new issues formed, not inconsistent with views expressed in the opinion. Wood v. Reed, 193 Okla. 356, 144 P. 2d 108; Continental Supply Co. v. Goodwin, 180 Okla. 365, 69 P. 2d 644; McIntosh, Adm'r, v. Lynch, 93 Okla. 174, 220 P. 367.

"Amendments of pleadings may be allowed in furtherance of justice, when such amendments do not substantially change the cause of action or defense. This change does not refer to the form of the remedy, but to the general identity of the transaction." E. Van Winkle Gin & Mach. Works v. Brooks, 53 Okla. 411, 156 P. 1152.

Plaintiff's amended petition, as modified, merely stated the ground upon which the resale tax deed involved might be avoided. It is true the cause of action might have originally been predicated upon that ground alone, but the relief subsequently sought is identical with that originally claimed by plaintiff.

Under liberal rules prevailing in this jurisdiction, amendments to pleadings are allowed in furtherance of justice so long as such amendments do not substantially change "the general identity of the transaction". Goldenstern v. Gavin, 187 Okla. 338, 102 P. 2d 582.

Herein, plaintiff's claim that the resale tax deed is invalid because of the new ground alleged is neither inconsistent with plaintiff's original claim nor the views expressed in the former opinion of this court.

The amended petition was properly filed, and for errors in striking it as modified, the judgment is reversed and the cause remanded, with directions to reinstate the amended petition as modified, and for further consistent proceedings.

HURST, C.J., DAVISON, V.C.J., and WELCH and CORN, JJ., concur. BAYLESS, GIBSON, and ARNOLD, JJ., dissent.