BRANKEL v. McGILL, Adm'x, et al.

No. 32381. May 13, 1947.

*180 P. 2d 827.*

Hadwiger & Hadwiger, of Alva, for plaintiff in error.

C. E. Wilhite, Mauntel & Spellman, and C. H. Mauntel, all of Alva, for defendants in error.

HURST, C.J. This action was commenced by Ina Warwick Brankel against Constance McGill, Robert Lee Warwick, and Merle McGill, and Constance McGill, as administratrix of the estate of John R. Warwick, deceased, and Frank Howerton, as guardian of Robert Lee Warwick, for the establishment of a lost deed to 480 acres of land in Woods county and for the recovery of possession of the land. From a judgment for the defendants, plaintiff appeals.

The plaintiff, a niece by marriage of Warwick, worked as a housekeeper and nurse for Warwick some three years prior to his death on December 1, 1937. Mrs. Warwick predeceased her husband by about two years. The deed in question is claimed to have been executed, acknowledged and delivered during the last part of May or first part of June, 1936.

There is no direct evidence that the deed was delivered to plaintiff. The scrivener and notary public, one Roberts, who prepared the deed, testified that after it was executed and acknowl-edged he laid it on a table near the plaintiff and then stepped into another room, and when he returned he did not notice the deed being on the table; that both the plaintiff and Warwick were sitting near the table, but Warwick was not within reach of the deed; that Warwick, being crippled, could not have moved with his crutches without being heard; and that he heard no conversation between Warwick and plaintiff while he was in the other room.

The plaintiff introduced evidence to the effect that, after the deed was executed, Warwick said plaintiff, and not he, was boss of the land; that Warwick told one Bell in 1937 that plaintiff had been good to him and he intended to deed the land to her, and later he told Bell that he had deeded it to her and Roberts prepared the deed; that in 1937 one Laughlin farmed the land for Warwick, and Warwick told him he would pay plaintiff her rent due from the land.

The defendants introduced evidence to the effect that Warwick put in the crops on the land in 1937, and that the rent was paid to the administratrix of the estate of Warwick in 1938 and the subsequent years, and that plaintiff had made no demand for such rent; that in 1937 Warwick authorized one Kirkbride to buy an 80-acre tract in the same section, as he would die soon and he did not want his daughter, Connie, to have any trouble with the land in that section; that in July, 1936, and also in July, 1937, Warwick hired some of the land in question one-wayed; that in August, 1937, Warwick, in the presence of plaintiff, offered to rent said land to one Carson; that in August, 1936, Walter Grant asked plaintiff to see the alleged deed and she produced a deed which was blank and thereupon she stated: "That old devil has got that deed."

Where the issue is whether or not there has been a delivery of a deed of conveyance, the real test is the intention of the grantor, which intention may be manifested by mere acts or words or

both, and the circumstances relevant thereto may be shown by parol evidence. Simler v. Simler, 168 Okla. 288, 32 P. 2d 876; Kilgore v. Parrott, 197 Okla. 77, 168 P. 2d 886; Yarbrough v. Bellamy, 197 Okla. 493, 172 P. 2d 801; O'Neal v. Turner, 197 Okla. 527, 172 P. 2d 1013.

We may infer intention to make delivery from the circumstances preceding, attending, and subsequent to the execution of the deed, yet, as pointed out above, both plaintiff and defendants have made proof of circumstances which give rise to references supporting their contrary contentions.

There is testimony of the defendants which tends to establish that after the execution of the deed and within the lifetime of the grantor plaintiff knew the deed was not in her possession. In the case before us the act of proprietorship, inconsistent with the idea of delivery, continued for a year and a half until the grantor died. During the following five years no claim of ownership was asserted by plaintiff in the face of the assumption of control of the land by the administratrix of the estate of the deceased grantor and the collection of rent therefrom by her. In pronouncing judgment for the defendants, the trial court called attention to these matters.

The rule is that one seeking to recover under a lost deed has the burden of proving its execution, delivery and material contents by clear and convincing evidence. Wilcox v. Wilcox, 198 Okla. 370, 178 P. 2d 874. The trial court found that the plaintiff failed to sustain this burden as to delivery, and we are unable to say that such finding is contrary to the evidence. Hickey v. Ross, 197 Okla. 543, 172 P. 2d 771.

Affirmed.

DAVISON, V.C.J., and OSBORN, WELCH, CORN, and GIBSON, JJ., concur.