FREEMAN et al. v. BENTON et al.

No. 32496.  Feb. 17, 1948.

*189 P. 2d 944.*

A. C. Sewell, of McAlester, for plaintiffs in error.

M. O. Counts, of McAlester, for defendants in error.

CORN, J. This action was brought in behalf of plaintiffs, as minors, by their mother and next friend, Myrtle Freeman, now Thompson, against numerous defendants, including Russell Benton and wife who are concerned in the present appeal, to determine the heirs of Lewis S. Freeman, deceased; to quiet title to certain real property in Pittsburgh county, and for other relief.

The judgment herein appealed from involves only that part of the action relating to town property in Haileyville, Okla., and decreeing the defendants Benton to be the owners thereof, hence, it is unnecessary to consider hereafter any matters relating to the other named defendants.

Defendants filed answer alleging ownership of the town property, a house and two lots, by virtue of certain tax deeds, and asked to be adjudged owners of the property and to have their title quieted.

Upon oral motion at the trial defendants were granted leave to amend their answer by alleging possession and necessary expenditures of money ($912.22) to repair the premises, which had been done in reliance upon their title; and asked, if their title was held inferior to plaintiffs, that they be given judgment for the amount expended.

Plaintiffs' reply alleged the invalidity of defendants' tax deeds and also alleged defendants were in possession when the taxes became due and it became defend-

ants' duty to pay same, so that defendants were estopped to assert title based upon such deeds; and that plaintiffs were infants and entitled to redeem their property.

The evidence disclosed plaintiffs were the children of Lewis S. Freeman, deceased, who died intestate in 1930. His widow, Myrtle Freeman, now Thompson, sold her interest in his property to one Collins about 1932 or 1933, who took possession of the property, but no instrument was recorded showing him as record owner. About 1936 Collins sold his right of possession to defendants, who entered onto the premises and have occupied them since that time. In 1942 defendants purchased the property at tax sales, and thereafter expended both time and money in making permanent improvements upon the property.

After hearing all the evidence the trial court found defendants had entered and taken possession of the premises in 1936, after having purchased the right of possession from Collins, who at that time held possession, but was not the record owner, and that defendants had remained in possession thereafter. Further, that in 1942 defendants had purchased the property at tax sales and thereafter made lasting improvements thereon; that the tax sales were regularly and lawfully held and defendants thereby became lawful owners of the property, subject to plaintiffs' rights as minors to redeem according to law. The trial court then quieted title in defendants.

The only necessary assignments of error may be considered together under plaintiffs' contentions that the trial court erred in his findings of fact and conclusions of law, and that the judgment is contrary to law. The basis of these contentions is the argument that the tax deeds were of no force because defendants owned an interest in the property, and had held exclusive occupancy for six years at the time of purchase.

Myrtle Thompson testified she had sold her interest in this property to Collins about 1932 or 1933. Defendant testified that when he bought possession in 1936 the records did not show Collins was the record owner. Upon this evidence plaintiffs urge that the evidence conclusively established Collin's ownership, at least to the extent of Myrtle Thompson's interest, and that defendants then bought such interest from Collins. The record fails to support such contention. The evidence was sufficient to support the trial court's finding that defendant purchased only the right of possession from Collins, and not a fee interest in the property. This was an action of equitable cognizance, and in such cases the trial court's findings and conclusions not clearly against the weight of the evidence will not be disturbed on appeal. Dungey v. Dowdy, 195 Okla. 361, 159 P. 2d 231; Yarbrough et al. v. Bellamy, 197 Okla. 493, 172 P. 2d 801.

It is also contended that the trial court made no specific finding as to whether defendant was a legal or equitable owner at the time he purchased at the tax sale. Upon this basis plaintiffs urged that, already being owner of a fee-simple interest, by purchase from Collins, defendant was a cotenant of plaintiffs, and could not, by failure to pay taxes, strengthen his title by purchase at a tax sale, under the rule as laid down in Burnett et al. v. Cole et al., 193 Okla. 25, 140 P. 2d 1012, and Hearn et ux. v. Yoder, 193 Okla. 353, 143 P. 2d 1009.

Already having concluded that the trial court properly found from the evidence that defendants purchased only the right of possession, and not an interest in the property itself, this argument is without substantial merit.

Plaintiffs further contend that the judgment rendered should be reversed on the ground they sued for an accounting for rents, which issue appears not to have been considered by the trial court.

Although the petition alleged a claim for damages for wrongful occupancy against the defendants (Bentons), we are of the opinion a reversal of the judgment is neither proper nor necessary under the following circumstances as revealed by the record.

Defendant (Russell Benton) acquired title to lot 5, block 141, the improved property, by a county deed dated October 19, 1942. The date of the county's acquisition of title to this lot is not shown. Defendant acquired title to the west half of lot 6, block 141, the unimproved property, by virtue of county treasurer's resale deed dated May 20, 1942, showing the amount bid for this property to be only one cent.

Under Hutchison v. Kerr, 193 Okla. 30, 140 P. 2d 918, it is settled that, although a minor whose land has been sold for taxes may redeem his land within one year after majority, such minor is not entitled to an accounting for rents and profits for the period prior to tender of the amount required to redeem under the provisions of the statute. 68 O. S. 1941 §433 a.

Concerning the claim for rents prior to acquisition of the county deed, and the resale deed, each tract must be considered separately. Any claim for rent as to lot 5 fails for two reasons: (a) Plaintiffs did not establish with certainty the time when such rent would begin. It was shown that the defendants took possession in 1936, and the trial court so found. (b) The county deed reflects that, prior to its issuance, title to this lot was in the county and not the plaintiffs, and the record does not show when the county acquired such property at resale. Thus plaintiffs failed to establish either the beginning or the end of any period for which defendants might possibly have been liable for rents.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, GIBSON, and LUT-TRELL, JJ., concur. ARNOLD, J., concurring specially.

———

ARNOLD, J. (concurring specially). Lewis S. Freeman died in 1930 leaving surviving him his widow, Myrtle Freeman, and twelve children, three of whom at the date of the commencement of this action, August 10, 1944, were minors. There was no administration upon the estate of Lewis Freeman.

In 1932, '33 or '34, the exact year not being fixed, the widow traded her interest in lot 5 and the west half of lot 6 in block 141 in the town of Haileyville, to one Bill Collins for an automobile. She doesn't know whether she executed a deed to her interest or not, but no deed was placed of record.

Bill Collins occupied the premises until 1936 when he purportedly sold his right of possession to the defendant Russell Benton for the sum of $85, and Benton went into possession and has retained possession ever since.

This suit to quiet title and for rents and profits was brought in the names of and for the benefit of the three mior children of Lewis S. Freeman, deceased, by their mother as next friend. All of the other heirs of the deceased were made defendants in the action and the suit involved 117 acres of farm lands and the lots here involved and some other lots in the town of Haileyville. The issues presented in reference to the farm and to the lots in the town of Haileyville, other than lots 5 and 6 in block 141 here involved, were continued to a future date by the trial court and the only issues tried were those between the plaintiffs and the defendant Benton.

By his answer, Benton alleged title to these lots in himself by virtue of a resale deed, dated May 20, 1942, to the west half of lot 6 and a county commissioner's deed, dated October 19, 1942,

to lot 5, both being in block 141, and said deeds were attached as exhibits to his answer.

Plaintiffs filed reply in which they alleged the invalidity of the resale and county commissioner's deeds by reason of the alleged fact that Benton had acquired sufficient title from Collins to make it his duty to pay taxes, and that he was, therefore, not one who could become a purchaser of the property at resale, and they asked that they be permitted to redeem. When the case was called for trial, defendant Benton made an oral motion for leave to file an amendment to his answer, which was granted by the court over the objection of the plaintiff. The amendment was filed instanter and its substance was that if defendant's deeds should be held by the court to be invalid for any reason, that they be allowed the benefits of the Occupying Claimants Act by reason of repairs and improvements made upon the premises during their occupancy thereof.

Upon the trial of the case, no evidence was produced in behalf of plaintiffs showing the rental value of the premises involved after Bill Collins took possession. On behalf of defendant, one Vensetta, a real estate and insurance man in the town of Haileyville, testified that during the depression, property such as that involved had no rental value; that when people found a vacant place of this character, they moved into it and no rent was ever collected. There being no evidence of rental value, the court entered no judgment for rents and profits.

No attack was made upon the validity of the resale deed covering the west half of lot 6 or the county commissioner's deed covering lot 5, except by the contention that defendant had such an interest in the property as obligated him to pay taxes, and that he could not, therefore, become a purchaser at tax sale and no other attack on said deeds is made here.

By reason of the findings made by the trial court and the judgment sustaining the resale deed and the county commissioner's deed of defendant, the question of error in permitting the trial amendment to defendant's answer as to the Occupying Claimants Act·over the objection of plaintiffs, became, and is, wholly immaterial. No tender of the taxes was made by the minors and, therefore, no attempt was made by them to redeem. No redemption having been attempted, the Occupying Claimants Act has no application.

The finding of the court, which inheres in the judgment denying any relief, that Benton obtained no interest in the title to the property, is not clearly against the weight of the evidence. This being true, Benton could purchase at tax sale, he having at most the naked right of possession. The fact that his predecessor, Collins, may have had that portion of the title belonging to Mrs. Freeman by inheritance makes no difference.