## STICKEN v. SWANDA.

No. 34866.    April 1, 1952.

Rehearing Denied April 23 1952.

*243 P. 2d 685.*

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Jones & Wesner, Cordell, for defendant in error.

GIBSON, J. Viola Swanda, as plaintiff in the trial court, commenced this action by filing her petition seeking to quiet title to two separate tracts of land in Washita county. The principal defendants were four sisters of the plaintiff and the husbands of the married sisters. Defendant Dorothy E. Sticken was the only defendant who contested the action, although some defendants filed answers. At the trial defendant appeared by her counsel. Plaintiff was the only witness to testify. She deraigned her title and introduced various exhibits in support of her claim of title. Judgment was rendered for plaintiff and defendant appeals.

The plaintiff, Viola Swanda, filed her petition and her amended petition alleging that she was the owner of all of the surface and an undivided three-fifths interest in and to the oil, gas and other minerals in and under the real estate described; that William C. Sticken, her father, died intestate, a resident of Washita county, Okahoma, and left surviving him as his sole and only heirs at law his widow, Pearl M. Sticken, and five daughters, the plaintiff herein, Viola Swanda, Hazel Zimmerman, Una Sticken, Ora Sticken and Dorothy E. Sticken, and that subsequent to the date of the death of the said William C. Sticken, Pearl M. Bryant, formerly Pearl M. Sticken, died intestate and left surviving her as her sole and only heirs at law the plaintiff and plaintiff's four sisters above named; that through mesne conveyances the plaintiff became and was the owner of said real estate.

The defendant, Dorothy E. Sticken, who is the only appellant herein, filed her answer and cross-petition, alleging that the plaintiff in the court below was her elder sister and that said plaintiff purchased from said defendant her interest in said real estate, and that in purchasing the same from said defendant the plaintiff did not permit said defendant to retain her mineral rights, but that she did permit two of the

sisters to retain mineral rights and that said defendant had implicit faith in the plaintiff; that the plaintiff and her husband urged and caused the defendant to act in haste and practiced deceit and fraud upon said defendant in not permitting her to retain her mineral interest.

At the conclusion of plaintiff's evidence defendant introduced her verified answer and cross-petition and rested her case. There was no stipulation that this pleading might be considered in lieu of defendant's deposition or other testimony, and defendant offered no testimony in support of this pleading.

Defendant in this appeal predicates her entire argument on these two propositions and assignments of error: (1) That the decision is not sustained by sufficient evidence. (2) That the decision is contrary to law.

On submission of the case the trial court made the following announcement:

"Gentlemen, from the evidence here today, the Court can find no evidence of any fraud, coercion, or duress, and the defendant was apparently of lawful age, sound body and mind at the time she made the deed in question, and the court renders judgment for the plaintiff."

We have examined this record and we concur in this statement by the court.

This court has consistently followed the rule applicable to the instant case.

"The decision of a trial court in an equity action on a question of fact which is not contrary to the clear weight of the evidence will not be disturbed on appeal to this court." Holmes v. Shirley, 178 Okla. 297, 62 P. 2d 990.

See, also, Harjo Gravel Co. v. Luke-Dick Co., 194 Okla. 537, 153 P. 2d 112.

In the instant case the judgment was not against the clear weight of the evidence, but it was sustained by the preponderance of the evidence.

Defendant quotes portions of plaintiff's testimony and says that it is contradictory within itself and cites several cases, including Davis v. Wyskup, 97 Okla. 239, 223 P. 357, wherein we said it does not follow that because a witness is not directly contradicted by another witness that his testimony is uncontradicted. His manner on the stand, his self-contradiction, or circumstantial evidence, might rightly lead the jury to reject his testimony. In that case we also said.

"There are many cases illustrating the principle that the testimony of a witness, though uncontradicted, is for the triers of facts, whether court or jury, who are not bound thereby."

Here the trial court as the trier of facts did not find the conflicts and self-contradictions urged by defendant, but by his judgment resolved all of the evidence in favor of plaintiff. The cases cited and 20 Am. Jur. Evidence, §141, the single authority cited in defendant's reply brief, while correctly stating rules of law, are not applicable here. Defendant assumes certain facts to be true, because she says they are established from plaintiff's testimony by fair inferences, and then argues from that assumed premise. But where the premise is not sustained by the evidence such argument must fall.

Defendant pleaded fraud on the part of plaintiff in the procurement of her deed; that she was overreached by her older sister in whom she placed great trust. This record reveals that defendant was the one who urged plaintiff and her husband, John Swanda, to purchase defendant's one-fifth interest in the real estate. Two of the five sisters were anxious to sell their interests while two were not. In a letter written by defendant to plaintiff in April prior to her deed dated November 21, 1949, she said, in part:

". . . Ora and I are still interested in our own welfare and especially in the baby's welfare, and for that reason we want to sell our shares of the farm, whether Una and Hazel want to or not.

We are all 21 years old and there is no point at all in hanging on to a one-fifth share in an undivided estate that does not bring in any more income annually than the farm does. We are going to sell this spring to someone, for a little money, and the most logical person to buy is John. So if you are interested, get into your car and drive up here and we'll see what can be done. We are not going to put off selling out any longer than sometime this spring; we are going to sell just however we can to whoever we can for whatever we can get out of it. Neither of us is getting anywhere as things now stand and conditions will just get worse, so we are going to do something about it. . . ."

At that time defendant was a stenographer in Oklahoma City and was about 27 years of age.

Plaintiff and her husband purchased the shares of the four sisters. Two sisters insisted on retaining a part of the mineral rights, while plaintiff and another sister did not. The trial court found that there was no fraud, coercion or duress exercised over defendant by plaintiff, and we hold that such finding is sustained by the evidence.

Affirmed.