**NORTON et al. v. MOORE et al.**

No. 35406.

Supreme Court of Oklahoma.

Sept. 15, 1953.

Shilling & Shilling, of Ardmore, for plaintiffs in error.

Brown, Cund & Brown, of Duncan, for defendants in error.

PER CURIAM.

This is an appeal by the defendants below from a judgment of the trial court establishing a lost deed and quieting title to the lands conveyed thereby. The parties will be referred to herein as they appeared in the trial court.

The cause went to trial on the first amended petition of plaintiffs, alleging substantially as follows: That sometime in 1917 E. C. Norton and wife, Lilly Norton, for a valuable consideration executed and delivered a general warranty deed to one T. F. Moore conveying a six acre tract of land, less one-half of the minerals, in Stephens County, Oklahoma; that immediately thereafter Moore entered into actual possession of said land and continued to occupy it until his death in 1942; that the sole heir of T. F. Moore was his mother, M. L. Moore, who continued in

possession of said property until her death; that the plaintiffs, who claim through M. L. Moore, have continued in possession thereof since her death; that the aforementioned deed was not placed of record by T. F. Moore and was found among his papers after his death; that said deed thereafter became lost and cannot be found although a diligent search has been made therefor. The plaintiffs sought judgment establishing the lost deed and quieting their title. The defendants, who claim ownership of the land in question as the heirs of E. C. Norton, deceased, answered the petition of plaintiffs by way of a general denial and a cross-petition for judgment quieting title in them. On the trial of the case it developed that the deed in question contained an irregular description in that the land was recited to be in Stephens County, Oklahoma, and also in Range 3 West, whereas there is no such range in Stephens County, Oklahoma.

The trial court in its findings of fact and conclusions of law determined that the evidence was clear and convincing that: The alleged deed was executed and delivered to T. F. Moore for a sufficient consideration in 1917 as alleged by plaintiffs; Moore then went into possession of the land in question, moved buildings therefrom, farmed and pastured it for a number of years, and remained in possession thereof until his death in 1942; the attorney preparing the deed mistakenly placed the tract in Range 3 West but it was the intention of the parties to the deed that it cover the tract in question; said deed is lost and should be established as a good and valid deed conveying to T. F. Moore title to said tract, less an undivided one-half interest in the minerals. Judgment was entered accordingly for plaintiffs and the defendants appealed therefrom.

The plaintiffs introduced direct evidence that the alleged deed was duly executed, acknowledged and delivered by E. C. Norton and his wife to T. F. Moore in 1917. Plaintiffs' witness, Judge G. V. Pardue, presiding Judge of the 99th District Court in Lubbock, Texas, testified that E. C. Norton and his wife, and T. F. Moore, came to his office about the time in question and requested him to prepare a deed covering the small farm owned by E. C. Norton and located immediately south of the Town of Alma, Oklahoma, in Stephens County. Although this witness did not recall the exact number of acres covered by the tract described in the deed and although not recalling whether the deed provided for a mineral reservation, he stated the deed was prepared by him and that the deed was executed by the Nortons in his presence and their acknowledgment taken by him at that time. The witness was a resident of that locality, was acquainted with the parties, knew the land in question, and prepared the deed to cover the small farm of the grantors located immediately south of Alma, Oklahoma, in Stephens County, as intended and requested by both the grantors and grantee. The plaintiffs further introduced direct evidence that the alleged deed was later found among the papers of the grantee after his death by one of the plaintiffs, W. I. Moore, and sent by him by registered mail to his brother, A. S. Moore, another of the plaintiffs herein; that the said A. S. Moore delivered the deed to R. H. Brown, an attorney in Duncan, Oklahoma. The said R. H. Brown and his secretary, Ruth Faris, testified on behalf of the plaintiffs that the said deed was the same in form and content as alleged by plaintiffs; that the deed had been delivered to Mr. Brown by A. S. Moore, had been placed in a file in Mr. Brown's office, and had thereafter become misplaced and lost, although a diligent search had unsuccessfully been made to find it. In addition to plaintiffs' evidence with reference to the existence and subsequent loss of the deed, testimony was introduced by plaintiffs through several witnesses to the effect that the grantee, T. F. Moore, had gone into possession of the land immediately after the transaction in Judge Pardue's office where the deed was prepared, executed and acknowledged, and had continued to occupy the land and claimed it as his own until the time of his death. Among other witnesses testifying to the course of conduct by Moore with reference to his claim of ownership to this tract was a party who had occupied land immediately adjoining the

tract in question for a continuous and uninterrupted period beginning prior to 1917 and continuing to the present time.

The defendants introduced testimony by Lilly Payne, formerly Lilly Norton, one of the grantors of the alleged deed, to the effect that the deed was never executed, as well as introducing testimony to the effect that the grantee's possession of the property, if any, was nothing more than a naked possession unaccompanied by claim of ownership. The defendants' evidence disclosed that neither the grantee nor his heirs have ever paid taxes on the tract in question and that the land was not included in the inventory or the decree of distribution in the probate proceedings on the estate of the deceased grantee and was not included in the inventory in the probate proceedings on the estate of M. L. Moore, deceased, the sole heir of said grantee. By the same token, however, the evidence of plaintiffs disclosed that neither E. C. Norton, his wife, nor any of his heirs paid taxes on the property until recently and that E. C. Norton, although not disappearing from the general locality until 1930, did not occupy or assert a claim of ownership to the tract after 1917.

■ The rule is that one seeking to establish a lost deed has the burden of proving its execution, delivery and material contents by clear and convincing evidence. Wilcox v. Wilcox, 198 Okl. 370, 178 P.2d 874; Brankel v. McGill, 198 Okl. 594, 180 P.2d 827; 54 C.J.S., Lost Instruments, § 13(e), p. 814. The trial court found that the plaintiffs had sustained this burden and we are of the same opinion. Especially does the evidence of plaintiffs sustain this burden when the secondary evidence of plaintiffs with regard to the acts of possession and claim of ownership on the part of the grantee is considered. Adkins v. Wright, 37 Okl. 771, 131 P. 686.

■ The court has taken into consideration the rule of law providing that in the review of an action of equitable cognizance where the evidence must be clear and convincing in order to establish a fact, the Supreme Court will weigh the evidence to determine whether it satisfies such standard of proof and will render or cause to be rendered such judgment as the trial court should have rendered. Hickey v. Ross, 197 Okl. 543, 172 P.2d 771; Brankel v. McGill, supra; Arbuckle Realty Trust v. Southern Rock Asphalt Co., 189 Okl. 304, 116 P.2d 912. The Court, however, has also taken into consideration the rule that in an equitable action upon a question of fact the decision of the trial court will not be disturbed unless its finding is contrary to the clear weight of the evidence. Holmes v. Shirley, 178 Okl. 297, 62 P.2d 990; Harjo Gravel Co. v. Luke-Dick Co., 194 Okl. 537, 153 P.2d 112; Arbuckle Realty Trust v. Southern Rock Asphalt Co., supra. We have carefully read and weighed the evidence and are of the opinion that in affirming the judgment of the trial court full faith and credit will be given both of these rules of law.

■ With regard to the mistake of the scrivener in the legal description, the evidence is clear and convincing that the parties intended the deed to cover the tract in question and that the insertion of the incorrect range was an inadvertent error and not the fault of either the grantors or the grantee. In an action of an equitable nature such as this where the evidence quite clearly discloses the intention of the parties, the Court will grant the necessary relief to carry out such intention. Or stated in another way, having acquired jurisdiction to establish the lost deed and to quiet title, the Court may, if justified by the circumstances, retain the cause to render complete relief between the parties. 34 Am.Jur. p. 596, Sec. 12, and p. 603, Sec. 24. Under the authority of Beidleman v. Anderson, 195 Okl. 203, 156 P.2d 611, the description may have been sufficient but in any event reformation of the deed was justified because the proof of the intention of the parties was clear, unequivocal and convincing. Crabb v. Chisum, 183 Okl. 138, 80 P.2d 653; Rochelle v. Anderson, 113 Okl. 137, 243 P. 528; 45 Am.Jur. p. 616-617, Sec. 54.

Although we do not consider it necessary to pass upon the question of the claim of title by prescription advanced by plaintiffs, the finding of the trial court supports such

a contention and evidence is adequate to justify such a conclusion.

The judgment is affirmed.

This court acknowledges the services of attorneys B. C. Franklin, O. L. Lupardus, and Richard H. Wills, Jr., who as special masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.