Isabel (Idabel) BROWN, now Wilson, Sadie Brown and Fred Brown, Plaintiffs in Error,

v.

Robert L. BRIGGS, Defendant in Error.

No. 36231.

Supreme Court of Oklahoma.

Nov. 22, 1955.

Rehearing Denied Jan. 24, 1956.

Young, Young & Young, Sapulpa, for plaintiffs in error.

Finch & Finch, Sapulpa, for defendant in error.

PER CURIAM.

The parties are referred to by their trial court designations. This is an action by plaintiff to quiet title to a certain described forty acres in Creek County, and to which defendants filed a cross-petition asking that title be determined in them as to an undivided one-third interest. The facts, as found by the trial court, are: that Elijah Canard, or Walker, was the sole heir of the deceased allottee; that Elijah Canard died, leaving as his heirs, Polly, his wife; Johnnie and Jimmie, his sons; and Agnes or Maggie, his illegitimate daughter, whom he acknowledged as his daughter in his will, and who was made a devisee therein; that P. E. Heckman, by conveyance, acquired the interest of Johnnie and Jimmie Canard, and was the owner thereof at his death; that the plaintiff acquired the interest of certain of the heirs of Heckman by quitclaim deed in 1950 and 1951; that Heckman did not have exclusive adverse possession, as to the defendants, during his ownership; that plaintiff had been in actual possession .since prior to 1930 but under no claim or color of title; that plaintiff had no title or interest in this property at the time he acquired the tax deed; that plaintiff purchased a tax deed to this land in 1941 which he filed for record in August, 1941; that the tax sale upon which the deed is based included taxes not then delinquent; that the defendants were the heirs of Maggie Canard Brown and succeeded to her interest in this property. These findings of fact are amply sustained by the record.

Thereupon, the court rendered judgment for the plaintiff quieting title as against the defendants upon the basis that defendants were barred by the application of the statute of limitations, inasmuch as more than five years of occupancy and adverse possession had passed since the tax deed was recorded.

The action was first tried upon issues raised in plaintiff's amended petition and defendants' amended answer and cross-petition. The judgment entered on the conclusion of the first trial determined that plaintiff "is now the owner, by deed from E. Heckman, of such interest in the property in dispute as was inherited by Jimmie and Johnny Canard". The court refused, in this judgment, to settle the title as between plaintiff and the appealing defendants, and also refused plaintiff's claim of ownership by reason of adverse possession for the fifteen year period. After such trial, all parties contesting the action, including these defendants, filed motions for a new trial. The trial court sustained these motions and granted a new trial on the basis of "each and all of said motions". Thereafter, the plaintiff filed a second amended petition by permission of the court in which he pleaded the statute of limitations. This allegation was not contained in the former petition, although the tax deed and the recordation thereof were specifically alleged. The application of the statute had been pointed out to the court prior to the second amended petition by plaintiff's demurrer to the defendants' answer and cross-petition. Defendants then filed answer and cross-petition to the plaintiff's second amended petition.

■ The defendants allege thirty-seven assignments of error in their Petition in Error, but their brief is confined to the presentation of five propositions. The assignments of error not argued in the briefs are considered abandoned. Chicago, Rock Island & Pacific R. Co. v. State, 203 Okl. 659, 225 P.2d 363.

Defendants' first proposition is that the plaintiff's source of title is res judicata by reason of the first judgment rendered, inasmuch as plaintiff only asked that it be vacated "in so far as the judgment is adverse to plaintiff". It is urged that since the court found that plaintiff owned the Canard interest by a grant from Heckman, who had acquired it from Johnnie and Jimmie Canard, and since Johnnie Canard did not file a motion for new trial and the judgment is final as to him, the plaintiff is estopped to deny the source of his title.

■ The plea of res judicata, or that plaintiff is estopped by the judgment as to the source of his title, is unpersuasive. In their argument, the defendants have not maintained a strict distinction between res judicata and estoppel by judgment. The first principle of law bars a second suit between the same parties on the same subject matter resolving the same issues between the parties in the same capacity. Estoppel by judgment is limited to issues common to different actions which were expressly, or by necessary implication, adjudicated in the first action or judgment.

■ Stating the rule demonstrates its inapplicability to the present action. The undivided interest belonging to Johnnie Canard in the ownership of the property is claimed by plaintiff by virtue of deeds from Canard to Heckman to plaintiff. Plaintiff has never claimed ownership of defendants' undivided interest in any manner other than by prescription. The issues between plaintiff and defendants consist of a determination of whether defendants ever owned any interest in this property at all; and, if so, whether the plaintiff gained title to this interest by prescription. These issues were the very ones reserved for re-trial by the action of the trial court in sustaining the parties' motions for a new trial. They were not determined by the rendition of a default judgment against Johnnie Canard. The question at issue was not the same. Harding v. Taylor, Okl., 272 P.2d 443.

■ Defendants, in their second and third propositions, urge that the plaintiff had the duty to pay the taxes for which the tax deed was issued, and that his purchase of the deed amounted to no more than a payment of the taxes, thereby precluding the operation of the statute of limitations. This contention is based on plaintiff's allegation of adverse possession for thirty-five years, and the finding of the court that he owned the interest of the Canards by virtue of conveyances. It is true that where one has a moral or legal obligation to pay taxes upon property he

is in no position to become a purchaser for taxes; and that if he attempts to thereby acquire any better title to the property, such purchase will be deemed to be only a mode of paying the taxes. But, this rule has no application to the facts in this case. The court found that plaintiff, prior to the acquisition of the tax deed, owned or claimed no legal or equitable right to this property. His sole claim was that of possession by what might aptly be termed squatter's rights dependent on bluff. He had no muniment of title sufficient to create color of title. He was merely using the property for the reason that it was less expensive to fence it into his pasture than it was to fence it out. He even admitted in his testimony that he knew the record title was in Heckman. The trial court correctly found that plaintiff's possession prior to 1941 was without the necessary claim of right to enable him to gain title by adverse possession as alleged. There was, therefore, no corresponding duty as an incident of this possession that required the plaintiff to pay the taxes. He was, as a consequence, at liberty to purchase a tax title if he chose to do so. Freeman v. Benton, 199 Okl. 669, 189 P.2d 944. Furthermore, there is no basis for asserting that these defendants were co-tenants with plaintiff, for the tax deed was recorded in 1941, and by terms of the 1949 amendment to 12 O.S. 1951 § 93(3) the defendants were barred and the plaintiff had acquired title by prescription prior to his purchase of the Heckman deeds in 1950 and 1951. This circumstance cannot be given the effect of creating a co-tenancy where none existed nor can it relate back to defeat rights acquired.

■ ▆▆▆ Next, defendants contend the court erred in permitting plaintiff to file his second amended petition, in which he specifically alleged defendants were barred by operation of the statute of limitations. It should be noted that plaintiff, in his original petition, was attempting to quiet his title by adverse possession as against the defendants; that he specifically alleged the purchase of the tax deed and that it was recorded; that he was in possession and had been for more than thirty-five years. Defendants filed a motion to require plaintiff

to attach the tax deed to his petition, which was done. The deed shows on its face that it was filed for record on August 5, 1941. In defendants' answer and cross-petition they specifically allege the deed, but seek to avoid the effect thereof by alleging that it was invalid and that they are tenants in common with plaintiff. As was pointed out in Williams v. Bailey, Okl., 268 P.2d 868, 12 O.S.1951 § 93(3) is a statute creating title by prescription as well as one of limitation. The amendment to specifically point out the statute in the petition was one of form more than of substance, for facts were already sufficiently pleaded to raise the question in the trial court. In any event, when the court granted the motions for a new trial the case was in the same position, as to these parties, as though it had never been tried. The plaintiff already had filed a demurrer, based on the statute, to the defendants' answer and cross-petition. We fail to see wherein defendants were surprised or prejudiced, or that the amendment substantially changed plaintiff's claim. The granting of permission to amend was discretionary with the court in the furtherance of justice. There was no abuse of the court's discretion in this instance. Anderson v. Beidleman, 198 Okl. 324, 178 P.2d 81.

▆▆▆ Also without merit is the contention that 12 O.S.1951 § 93(3) does not apply for the reason that the "action was not one for the recovery of real property sold for taxes". We noted heretofore that this statute is one creating title by prescription, as well as providing a limitation on actions. This was an action of equitable cognizance. In such cases the trial court's findings and conclusions, not clearly against the weight of the evidence, will not be disturbed on appeal. Freeman v. Benton, supra.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner NEASE, and approved by Commissioners REED and CRAWFORD, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in con-

ference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.