### Anderson v. Medbery, Sheriff.

1. Where the evidence is conflicting, the supreme court will not weigh it further than to determine whether or not sufficient evidence has been given to sustain the verdict, without regard to the evidence on the opposite side, save in so far as such evidence tends to sustain the case.

2. Where a wife sued a sheriff to recover the value of cows claimed to have belonged to her, and which had been taken by defendant in foreclosure proceedings against her husband, and several witnesses testi-

fied that plaintiff was the owner of the cows, even if there were some conflict in the evidence as to the manner in which plaintiff acquired the cows, it would not necessarily impeach the veracity of the witnesses, or their statements that plaintiff was the owner of the cows.

3. Comp. Laws, § 2593, provides that, if a wife file in the register office an inventory of her separate personalty, such filing shall be notice and prima facie evidence of the title of the wife. Held that, where a wife sues for the conversion of property claimed to belong to her, which had been taken in foreclosure as that of her husband, that she had not filed an inventory did not preclude her recovery, her failure to file merely subjecting her to the burden of proving her ownership.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by Enga Anderson against Don G. Medbery, sheriff of Beadle county. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*H. C. Hinckley* and *A. W. Burtt,* for appellant.

*A. W. Wilmarth,* for respondent.

CORSON, J.    This is an appeal by the defendant from a judgment entered in favor of the plaintiff.    The appellant seeks a reversal of the judgment upon three grounds: First, insufficiency of the evidence to justify the verdict; second, that the plaintiff is estopped by her declarations and conduct from recovering in the action; third, that the plaintiff is a married woman, and, not having complied with the provisions of section 2593, Comp. Laws, which authorizes a married woman to make and file an inventory of her separate property, she was not entitled to recover.    The action was instituted by the plaintiff, wife of one Ole Anderson, to recover the value of two

cows claimed by her, and alleged to have been taken and converted to his own use by the defendant, as sheriff of Beadle county. The plaintiff and said Ole Anderson, her husband, lived on a farm in said county, and in the fall of 1896 the said Ole Anderson mortgaged the said cows, together with others, to one August Fisher. The note and mortgage not having been paid, the said Fisher proceeded to foreclose the same, and the defendant, as sheriff, in taking the property, was act ing under the orders of said Fisher. On the trial the plaintiff introduced evidence tending to prove that she was the owner of the two cows in controversy, having obtained them when calves, and raised them on the farm. There was a conflict in the evidence as to the ownership of the two cows, but the evidence on the part of the plaintiff was amply sufficient to support the verdict. The action was tried to a jury, and in such case the rule adopted by this court is: "Where * * * the evidence is conflicting, this court will not weigh the evidence, or go further than to determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict without regard to the evidence given on the part of the other party, except so far as such evidence tends to sustain the case." Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128,

The learned counsel for the appellant have argued at considerable length in their brief that the evidence is insufficient to support the verdict, for the reason that there is a discrepancy between the plaintiff and her son and daughter as to the manner in which she acquired a portion of the property. Not only these three witnesses, but others, testified to the fact that the plaintiff was the owner of the property. Even if there was some conflict in the evidence as to the particular manner

in which the plaintiff acquired the property, it would not necessarily impeach the veracity of the witnesses, or the statement that the plaintiff was the owner. It is quite clear, therefore, that the evidence on the part of the plaintiff was sufficient to support the verdict of the jury.

It is further contended on the part of the appellant that the plaintiff is estopped from asserting her right to the property for the reason that she permitted the same to be mortgaged by her husband to Fisher, without disclosing to him her interest therein. There was evidence, it is true, on the part of the defendant, tending to prove that the plaintiff had paid interest on the note and mortgage executed by her husband, Ole Anderson, and that she made no claim to said Fisher that the cows in controversy were her property; but the evidence upon this subject was conflicting. There was no direct evidence that the plaintiff knew, at the time her husband mortgaged the property to Fisher, that he included therein the property belonging to her; nor is there any direct evidence that up to the time the property was seized by the defendant as sheriff she knew that this property was included in the mortgage, and the plaintiff, in her evidence, denies that she had any such knowledge. It is undoubtedly true that, if the plaintiff knew that her husband was giving a mortgage in which he was including her property, and she made no objection at the time, that she might be estopped from subsequently asserting her claim to the same, if the mortgagee was influenced by her silence to his prejudice. Mr. Bigelow, in his work on Estoppel, states the rule as follows: "Where the true owner of property * * * holds out another or allows another to appear as the owner of, or as having full power of disposition

over, the property, the same being in the latter's actual possession, and innocent third parties are thus led into dealing with such apparent owner, they will be protected." Bigelow, Estop. (5th Ed.) p. 560. But the evidence was conflicting upon this subject, and, the jury having passed upon it, and found in favor of the plaintiff, this court would not be justified in disturbing the verdict.

The last contention of the appellant—that the plaintiff cannot recover because she has not made and filed in the office of the register of deeds an inventory of her property as provided by section 2593, Comp. Laws—is untenable. The section reads as follows: "* * * A full and complete inventory of the separate personal property of the wife may be made out and signed by her * * * and recorded in the office of the register of deeds of the county or subdivision in which the parties reside. The filing of the inventory in the register's office is notice and prima facie evidence of the title of the wife." It will be noticed that by its provisions a married woman is not required to make out and file an inventory, but she may do so. The word "may," as found in this section, is evidently used in its ordinary sense, and not as meaning "must." The only object and purpose of this statute seems to be to furnish to a married woman prima facie evidence of her title to her separate property, and relieve her from the necessity of giving any further proof than her inventory, properly filed in the first instance, as to her ownership. In the absence of such an inventory properly filed, a married woman is required to prove title to the property claimed by her, the same as any other person. While, therefore, a married woman may file such an inventory, she is not bound to do so, and by a failure to file it she only

subjects herself to the burden of proving her ownership in the same manner as other persons.

Finding no error in the record, the judgment and order of the circuit court denying a new trial are affirmed.