## MOORE et al. v. MOORE.

No. 7394—Opinion Filed June 6, 1916.

(158 Pac. 578.)

**1. Husband and Wife—Married Women—Right of Action.**

Under the laws of Oklahoma, a woman, though married, retains her legal existence and personality, and may sue in the courts in her own name for the protection or redress of injury sustained to her reputation, person, property, or natural rights, the same as a man can do.

**2. Divorce—Husband and Wife—Support of Children—Disposition of Property—Right of Action—Decree—Partition.**

The decree of a district court, made in a proper action under section 4966. Rev. Laws 1910, adjudging an undivided one-half interest in real estate to a married woman for the care, maintenance and education of her minor child, and not modified or apealed from, may be the basis of a subsequent action in partition commenced by the wife against the husband.

(Syllabus by Galbraith, C.)

Error from District Court, Craig County; Preston S. Davis, Judge.

Action by Clara Moore against Ben F. Moore and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Edwin H. Brady, for plaintiffs in error.

A. D. Neal, for defendant in error.

Opinion by GALBRAITH, C. The defendant in error, as plaintiff in the trial court, commenced this action in partition, alleging in her petition:

"That prior to the 21st day of December, 1912, the defendant Ben F. Moore was the owner and in possession of the S. E. ¼ of the S. W. ¼ and the N. ½ of the S. W. ¼ of the N. W. ¼ of section 8, in township 28, range 20, situated in the county of Craig, state of Oklahoma. That on the 21st day of December, 1912, in an action then pending in the district court of Craig county, wherein Clara Moore, the plaintiff herein, was plaintiff, and Ben F. Moore, one of the defendants herein, was defendant, and being numbered 1807, the plaintiff therein by consideration of the court recovered a judgment against the said defendant therein, of the nature following, to-wit, as shown by the minutes of the clerk of said court in said cause: 'Civil case No. 1807, Clara Moore v. Ben F. Moore. This cause comes

on for further hearing. Parties present and by their attorneys. The court decrees to plaintiff for support, maintenance, and education of her minor child, Delbert Leroy Moore, an infant, five months old, an undivided one-half interest in and to all personal and real property belonging to the defendant, subject to all valid and subsisting liens, mortgages, and incumbrances thereon being and hereby vests the title to the said undivided one-half interest in and to all of such property in plaintiff for such purposes and uses aforesaid.'

"The plaintiff avers that said judgment is in full force and effect, unappealed from and unreversed."

It is further alleged that by reason of said judgment the title to the undivided one-half interest in the premises described was vested in her, and that the same was not capable of being divided, and praying that the court decree the respective interests of the parties in the property and order it sold, and the proceeds divided accordingly.

The Farmers' & Merchants' State Bank filed an answer alleging that it held a mortgage on said premises in the sum of $400, that the principal and interest on the same was due and unpaid, and praying that a partition of the property be denied.

The defendant Moore answered alleging that he and the plaintiff were husband and wife at the time of the commencement of said action, and still maintained said relation; that the property described in the petition was his real estate prior to his marriage, and the Farmers' & Merchants' State Bank had a mortgage on the same for $400; that the order of court of December 21, 1912, set out as a basis of plaintiff's action, was void and was not sufficient to vest the title to any part of said real estate in the plaintiff; that the interest attempted to be decreed to the plaintiff in said order could only be used for the support and maintenance of the minor child, and for no other purpose; and that the said order is subject to modification; and prayed that the partition be denied and that said action be dismissed at plaintiff's costs.

A motion was made by the plaintiff for judgment on the pleadings, which was by the court sustained. The court decreed that the plaintiff do have and recover an undivided one-half of said real estate, for the purposes specified in the decree, and that she have partition thereof; that the defendant Ben F. Moore is the owner of and decreed to have title to an undivided one-half interest in said property. The court, however, deferred the appointment of the commissioners to partition the real estate until after the final on filing a supersedeas bond, and also defer-

disposition of the cause in the Supreme Court, if an appeal should be prosecuted, upred the order in regard to the costs and attorney's fees. From that judgment the defendants have prosecuted an appeal to this court, and assign two errors: First, because the defendant in error had no legal capacity to sue, and that the petition failed to state a cause of action; second, that the order of the district court, upon which suit was brought, was void.

In support of the first assignment, it is argued that Clara Moore had no right to maintain an action, because she was a married woman. The statute section 3363, Rev. Laws 1910, specifically gives her this right, and reads as follows:

"Woman shall retain the same legal existence and legal personality after marriage as before * * * and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or * * * natural right, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone: Provided that this chapter shall not confer upon the wife the right to vote or hold office, except as is otherwise provided by law."

This court, in Enid City Railway Co. v. Reynolds, 34 Okla. 405, 126 Pac. 193, in referring to the above statute said:

"A married woman, though living with her husband, has a statutory right to her separate earnings, and a natural right to her health, strength, skill, capacity to earn; and under section 3655, Comp. Laws 1909, she may maintain an action in her own name for any injuries sustained to either her statutory or natural rights."

In Fiedler v. Fiedler, 42 Okla. 124, 140 Pac. 1022, 52 L. R. A. (N. S. ) 189, the first paragraph of the syllabus reads:

"It is the policy of our constitution and statutes to open the doors of the courts of justice to every person without distinction or discrimination for redress of wrongs and reparation for injuries; and, under our constitution and statutes, a married woman may maintain an action for injuries to either her natural or statutory rights the same as though she were a feme sole, including an action against a former husband for a tort maliciously inflicted during coverture."

The second assignment of error is as devoid of merit as the first.

Section 4966, Rev. Laws 1910, referring to particular kinds of actions, and the power of the courts therein, provides:

"The court may for good cause shown make such order as may be proper for the

custody, maintenance, and education of the children, and for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

The judgment of the lower court should be affirmed, and the cause remanded for such further proceedings as may be proper.

By the Court: It is so ordered.