**CAYLOR LUMBER CO. v. MAYS et al.**

No. 9436—Opinion Filed Aug. 13, 1918.

(174 Pac. 521.)

**1. Husband and Wife—Inventory of Wife's Separate Estate—Rights of Husband.**

The failure of a wife to file a full and complete inventory of her separate personal property as provided for in section 3356, Revised Laws of 1910, does not estop her right to assert ownership in the same, nor

does such failure give the husband the right to dispose of the property by mortgage or otherwise.

**2. Same—Rights of Married Woman.**

Under the statute a married woman has a right to acquire property in her own name, hold and dispose of the same as if unmarried, and her separate property is not liable for the debts of her husband; neither can he sell or incumber the same, and there is no presumption arising from the marriage relation of ownership of the separate property of the wife in favor of the husband.

(Syllabus by Pryor, C.)

Error from County Court, Atoka County; M. C. Hailey, Judge.

Action by the Caylor Lumber Company against A. B. Mays and Hattie G. Mays. Judgment for defendants, and plaintiff brings error. Affirmed.

McDonald & Jones and James H. Chambers, for plaintiff in error.

James H. Gernert, for defendants in error.

Opinion by PRYOR, C. This is an action in replevin commenced by the Caylor Lumber Company against A. B. Mays for the possession of certain furniture under and by virtue of a chattel mortgage given by A. B. Mays to the plaintiff. Hattie G. Mays, the wife of A. B. Mays, interpleaded and claimed the furniture to be her separate property. There was a trial as to the ownership of the property between the Caylor Lumber Company and Hattie G. Mays, which resulted in a verdict and judgment in favor of the interpleader, Hattie G. Mays. From this judgment the plaintiff company appeals.

The plaintiff urges on appeal the following propositions: (1) That as the interpleader had not filed a full and complete inventory of her separate property as provided by section 3356, Revised Laws of 1910, she could not assert ownership in the same; (2) that the court erred in refusing instructions requested by the plaintiff; (3) that the court erred in excluding evidence offered by the plaintiff.

Section 3356, Revised Laws 1910, in so far as pertinent to the questions raised, provides:

"A full and complete inventory of the separate personal property of the wife may be made out and signed by her * * * and recorded in the office of the register of deeds of the county in which the parties reside. The filing of the inventory in the register's office is notice and prima facie evidence of the title of the wife."

This section of our statute was adopted from the Dakota Code, and the same is in

the identical language of the South Dakota Code on the same subject. The Supreme Court of South Dakota had the same question before it for determination in the case of Anderson v. Medbery, 16 S. D. 326, 92 N. W. 1089, in which the court held that the word "may" as found in this section is evidently used in its ordinary sense, and not as meaning "must." The only object and purpose of this statute is to furnish to a married woman prima facie evidence of her title to her separate property, and relieve her from the necessity of giving any further proof other than her inventory. properly filed, in the first instance, as to her ownership; that failure to file an inventory would not preclude her from asserting ownership to her separate property, and the only effect such failure would have would be to place the burden upon her to prove ownership.

This construction of the statute seems to be reasonable and sound, and should be adpted. It follows that the wife's failure to file an inventory as provided for in such statute did not forfeit her right to assert ownership of the property, nor did such failure give her husband the right to mortgage or dispose of said property.

The second contention of the plaintiff is that the court erred in refusing to give requested instructions. The requested instructions are to the effect that the property is presumed to be the property of the husband; that, where the husband and wife are living together and the wife rents rooms and keeps boarders and collects sums due for rent and for board and the husband pays the general household expenses, or the major portion thereof, the sums so collected by the wife would not be her separate property, but would be the property of the husband; that if the property was used as household furniture by the defendants, even though the wife was the owner of the same, if she failed to file an inventory thereof, and the plaintiff while said property was used by the family received the mortgage in good faith and without notice of the claim of the interpleader, Mrs. Mays, said interpleader cannot now claim the same, and the verdict should be for the plaintiff.

Section 3353, Rev. Laws 1910, provides:

"Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other as defined by the title on trusts."

Section 3352, Revised Laws 1910, provides:

"Neither husband nor wife has any interest in the separate property of the other, but neither can be excluded from the other's dwelling."

Section 3357, Revised Laws 1910, provides that:

"Neither husband nor wife, as such, is answerable for the acts of the other. * * * The separate property of the wife is not liable for the debts of her husband. * * *"

Section 3363 provides:

"Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man. * * *"

The purpose of the statute is, unquestionably, to remove the disabilities. under the common law, of married women to acquire, hold, and dispose of property. A married woman occupies the same status as her husband and has the right to convey her own property the same as if she were unmarried. There is no presumption of ownership of the wife's property in favor of the husband. Her right and title to the property is not clouded with any presumption arising from the marriage relation. Farmers' State Bank v. Keen, 66 Okla. 62, 167 Pac. 207.

The court therefore committed no prejudicial error in refusing to instruct the jury that there was presumption that the property belonged to the husband; and, in view of the fact that the failure to file inventory as provided by statute did not estop the wife from asserting her ownership to said property. the court was justified in refusing to give the instruction that the mortgage given was a valid one, in the absence of notice by a filed inventory of the claim of the interpleader.

The court instructed the jury that the burden was on the interpleader to establish the allegations of her petition by a fair preponderance of the evidence. This burden she assumed and sustained. This fully satisfied the requirements of the law.

On examination of the interpleader on the witness stand, she was asked if her husband did not tell her he was going to mortgage said property. On objection to the question by counsel for interpleader, the court excluded the evidence. This evidence could not serve any purpose save to establish an estoppel. It is a well-established rule in this jurisdiction that, before the question of estoppel could be raised, it would be necessary that plaintiff plead estoppel

in his petition, and establish the same by the weight of the evidence. Farmers' State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207; Fidelity Mut. Life Ins. Co. v. Dean, 57 Okla. 84, 156 Pac. 304; Halsell v. First National Bank of Muskogee. 48 Okla. 535, 150 Pac. 489. But, regardless of the question of whether or not this evidence would be competent, the same was rendered harmless by the testimony of the interpleader on this point. She testified that her husband told her nothing about the mortgage on the property and she knew nothing about it until some one called her over the phone, whom she recognized as being a Mr. Miles, who worked in the office of the lumber company, and asked her if she would sign a mortgage on the property, and she informed him that she would not.

There being no prejudicial error committed by the trial court, the judgment should be affirmed.

By the Court: It is so ordered.