## WOOD v. POLK.

No. 31124.   Oct. 5, 1943.

*141 P. 2d 796.*

J. D. Lydick and Albert L. McRill, both of Oklahoma City, for plaintiff in error.

Owen F. Renegar, of Oklahoma City, for defendant in error.

RILEY, J.   George D. Polk commenced this action against Roy Wood for dissolution of partnership and for an accounting. By agreement, a receiver was appointed, and after issues were joined the parties entered into an agreement of settlement whereby the partnership business known as the Oklahoma Diamond T Sales and Service Company should be liquidated, and Roy Wood should receive the sale price of the business and collect all bills receivable and pay all bills due, estimated as not to exceed $850, and account to George D. Polk "as his full and complete settlement of said business . . . one-half of the profits of five deals now pending." That Polk should handle the closing of said deals and Wood should advance any necessary finance for that purpose, and that "the five trucks sold, for which the partners are each to receive one-half the profits, are trucks now on order from the factory." A judgment based upon the agreement of settlement in the sum of $467.17 was rendered favorable to the plaintiff. After the overruling of defendant's second supplemental motion for new trial, the defendant duly perfected this appeal.

It appears that after the agreement of settlement was executed the plaintiff failed to deliver to defendant records and accounts, other than the ledger showing that approximately 109 accounts receivable totaled $5,425.60. It was alleged in the supplemental motion for new trial, and found by the trial court as being true, that these statements were false, and known by Polk to be false at the time he made them, and that they were made with the intention on the part of Polk at the time to induce Wood to enter into the settlement contract, and that Wood relied upon the statements as made. It was alleged that the newly discovered evidence was not available to defendant until after judgment was rendered herein on December 30, 1941; that thereby 24 specific accounts receivable were not reflected by the general ledger but were entitled to credit, amounting to $1,330.42. In the second supplemental motion for new trial it was alleged that defendant had discovered ten additional accounts entitled to credit, totaling $535.83, and that Polk had knowingly and fraudulently misrepresented the

ten accounts; that the credit amounts had been paid to Polk but not credited on the ledger. Assuming, as the trial court did, that the alleged newly discovered evidence is true, it would be made to appear that the "bills receivable" of the partnership, as reflected by the general ledger kept by plaintiff, showing a face value of $5,425.60, which had been relied upon and which formed a part of the basis of the settlement agreement, will have been reduced in the sum of $1,856.25, which sum plaintiff had collected and appropriated to his own use. To allow plaintiff to retain this money and also allow him one-half of the "profits" on the five unclosed deals would be inequitable, unfair, and unjust.

The motion meets the requirements of statute on grounds of newly discovered evidence, and they are uncontroverted save and except by the contention that the agreement of settlement was binding and that the term "profits" as employed therein was not ambiguous.

It is our view that there is a sufficient uncertainty occasioned by the use of the term "profits" employed in the agreement of settlement (Banks et al. v. City of Ardmore et al., 188 Okla. 611, 112 P. 2d 372; Brogden v. Perryman, 176 Okla. 505, 56 P. 2d 398; Clark v. Herbert, 132 Okla. 272, 270 P. 329), together with allegations of fraudulent entry of ledger accounts presented in the supplemental motion for new trial, to justify a resort to the situation of the parties, and the circumstances surrounding the execution of the contract, and negotiations preceding and leading up to the execution of the agreement of settlement.

Judgment reversed and cause remanded for a new trial.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN and HURST, JJ., absent.