HARJO GRAVEL CO. v. LUKE-DICK CO.

No. 31441. Oct. 10, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 112.*

Twyford, Smith & Crowe, of Oklahoma City, for plaintiff in error.

Howard B. Hopps, of Oklahoma City, and Wyatt, Wyatt & Edwards, of Shawnee, for defendants in error.

HURST, J. This is a suit by Luke-Dick Company, a copartnership, to quiet title to the gravel in and under a certain 80-acre tract of land in Pottawatomie county and to enjoin the defendants from interfering with plaintiff's right to remove the gravel. The Harjo Gravel Company, a corporation, defendant below, appellant here, claims to own the gravel by virtue of an instrument, as follows:

## "CONTRACT

"This agreement, made and entered into this 28th day of December, 1935, by and between Walter C. Rose, and Minnie Rose, his wife, parties of the first part, and the Harjo Gravel Company, an Oklahoma corporation, party of the second part, witnesseth:

"Whereas the parties of the first part are the owners of the: East Half (E½) of the Northwest Quarter (NW¼) of Section One (1), Township Eight (8) North, Range Four (4) East of the I. M., in Pottawatomie County, Oklahoma, and

"Whereas, there are certain gravel deposits on said described land suitable for road building ballast, and

"Whereas, the parties of the first part desire to sell said gravel deposits and the Harjo Gravel Company desires to buy said gravel deposits.

"Now, therefore, in consideration of the sum of Four Hundred and no/100 Dollars ($400.00) paid to the parties of the first part by the party of the second part, the parties of the first part do hereby sell, and convey to the party of the second part, all of the said gravel deposits located on said described land.

"It is further agreed between the parties hereto that the party of the second part shall have the right to enter upon said land for the purpose of removing said gravel, for a period of five years (5) from the date hereof.

"It is further agreed by the parties hereto that in granting the said right of ingress and regress, to the party of the second part by the parties of the first part, the party of the second part shall also have the right to install such tools, machinery and equipment as may be necessary and convenient in the removal of said gravel deposits.

"In witness whereof, the parties of the first part have hereunto set their hands and seals the day and year first above written.

> "Walter C. Rose,
> "Minnie Rose,
> "Parties of the First Part"

The plaintiff claims to own the gravel by virtue of an agreement between it and Walter C. Rose and Minnie Rose under date of September 14, 1942. Mr. and Mrs. Rose intervened, claiming that the Harjo Gravel Company contract, above, has terminated, and that, if not, it was obtained by misrepresentation

and fraud. They claimed title to the gravel, but did not question the rights of the plaintiff under its contract. Several persons claiming rights under the above-quoted contract were also made parties defendant. The contest, therefore, is between the defendants on the one side claiming under the above-quoted contract and the plaintiff and interveners on the other. The plaintiff and interveners claim that the Harjo Gravel Company contract is ambiguous, and that it was intended as a five year lease, not as an absolute conveyance. The defendants claim that the contract is not ambiguous and that it is in effect an absolute deed of conveyance of the gravel.

Considerable evidence was introduced on the theory that the contract is ambiguous. The defendants objected to much of this evidence on the theory that the contract is not ambiguous and that the evidence was inadmissible under the parol evidence rule, but the defendants do not here seek reversal because of the admission of such evidence.

The contract was prepared by the Harjo Gravel Company.

The evidence introduced on behalf of the plaintiff and interveners, which they say shows that the parties understood the contract to be a lease that terminated on December 26, 1940, and not an absolute perpetual conveyance, is, in brief, as follows: That prior to the signing of the contract agents of the defendant Harjo Gravel Company and intervener Rose had been negotiating in regard to a "lease"; that the contract was signed about 8 o'clock at night; that at the time the contract was signed, Rose was sick in bed and did not read the instrument; that Mrs. Rose read most of the instrument, and understood from the clause limiting the right of the Harjo Gravel Company to remove gravel to five years that it was a "lease"; that John Agnew, agent of the Harjo Gravel Company who presented the contract to interveners for their signature, referred to the contract as a "lease" before it was executed; that at no time in the negotiations leading up to the execution of the contract did any agent of the Harjo Gravel Company ask to purchase the gravel by deed; that the consideration of $400 was totally inadequate for an absolute conveyance; that the contract with plaintiff called for a consideration of $5,000; that at the time the contract was recorded on December 27, 1935, it contained no revenue stamps, such as a conveyance should, but that at the time of the trial revenue stamps of the 1941-1942 series were on it. The testimony of interveners as to what John Agnew said at the time the contract was signed was corroborated by a third party and was positively denied by no one.

Agnew, agent and witness for the Harjo Gravel Company, admitted that some time before the contract was signed he had discussed with Rose the question of leasing his land for gravel purposes, and his testimony as to what was said the night the contract was signed was evasive and unsatisfactory. He did not positively deny stating to interveners at the time the contract was signed by them that it was a "lease". The defendants introduced a check for the final payment of the $400 consideration dated December 26, 1935, with this notation: "In full for balance due for all gravel contained in E½, NW¼, Sec. 1-8 N. Twp. 4 E. Range Pott County as per agreement 11;14-35." Rose testified that he did not read this notation when he cashed the check. The defendants relied largely upon the terms of the contract for its meaning.

The court found that the contract "is a conditional conveyance or lease, limited to a term of five (5) years, and that the rights of defendants acquired by the contract terminated by the limitations therein imposed on the 26th day of December, 1940", and entered judgment for the plaintiff and interveners quieting their title as against the claims of the defendants, Harjo Gravel Company and its suc-

540

cessors in interest. The defendant Harjo Gravel Company alone appeals.

The parties devote much of their briefs to the question of fraud, the right to rescind, whether rescission was too late, and the failure of interveners to restore the consideration. The trial court apparently based its decision on the true meaning of the contract and not on fraud, and we think it acted properly in doing so. We must decide two questions presented, (1) whether the court committed error in holding that the contract between interveners and Harjo Gravel Company is ambiguous, and, if not, (2) whether the court placed the proper construction on the contract.

1. In support of its contention that the contract is not ambiguous, the appellant calls attention to the language of the fourth paragraph that the interveners "desire to sell said gravel deposits"; also, to the language of the fifth paragraph that they "do hereby sell and convey to the party of the second part all of said gravel deposits." On the other hand, the plaintiff and interveners, in support of their contention that the contract is ambiguous, point to the fact that the contract is referred to as a "contract" and not a "deed" or "conveyance", that the interveners are referred to in the contract as "parties of the first part" and not as "grantors", and they emphasize the language of the sixth paragraph giving the Harjo Gravel Company "the right to enter upon said land for the purpose of removing said gravel, for a period of five (5) years from the date hereof."

The question as to whether the contract is ambiguous was purely one of law for the court to determine from an examination of the entire instrument. 13 C. J. 786 note 98; 17 C. J. S. 1287. We think the contract was properly held to be ambiguous. The limitation on the time within which the Harjo Gravel Company was given the right to remove the gravel is inconsistent with the terms of the granting clause, and this inconsistency renders the contract ambiguous. The fact that, by the sixth clause, the Harjo Gravel Company was given the right to remove gravel for five years, implies that it would not have such right after the expiration of the five years, and excludes the idea of an implied easement as in Melton v. Sneed, 188 Okla. 388, 109 P. 2d 509, cited by appellant.

It was, therefore, proper for the trial court to hear and consider evidence as to prior negotiations, statements made at the time the contract was executed, what the parties understood the contract to mean, and other facts having a bearing on the question of the intention of the parties.

2. We have carefully considered the evidence along with the terms of the contract, and are of the opinion, and hold, that the court correctly held that the parties to the contract intended and understood that the rights thereunder would terminate at the expiration of five years from its date. Since the Harjo Gravel Company prepared the contract or caused it to be prepared, the contract must be construed most strongly against it. 15 O. S. 1941 § 170.

This being an action to quiet title and for an injunction, it is of equitable cognizance, and the judgment of the trial court not being clearly against the weight of the evidence, we are not at liberty to disturb it. Hampton v. Kessler, 193 Okla. 619, 145 P. 2d 955.

Affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.