POLLOCK STORES CO. v. DRAPER.

No. 33581.   Feb. 7, 1950.
Rehearing Denied March 21, 1950.

*215 P. 2d 843.*

Bell & Tucker, of McAlester, for plaintiff in error.

Cornish & Baumert and Arnote, Arnote & Bratton, all of McAlester, for defendant in error.

LUTTRELL, J.   This action was brought by plaintiff, C. C. Draper, to recover from defendant, Pollock Stores Company, a corporation, compensation which plaintiff claimed was due him for services as general manager of defendant's store at McAlester, Okla., from February 1, 1946, to September 12, 1946. At the close of all the evidence the trial court denied defendant's motion for directed verdict and submitted the case to the jury, which returned a verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict, and its motion for new trial, were overruled, and defendant appeals.

Plaintiff in his petition and amendment thereto filed by him claimed that under a written contract or memorandum fixing his compensation for services as general manager of defendant's store for the time above specified, he was to receive a drawing account or salary of $400 per month, and in addition thereto 5 per cent of the gross margin of profit on sales of all merchandise at the McAlester store. Defendant in its answer asserts that the sole compensation to be received by plaintiff under said memorandum of agreement was to be 5 per cent of the gross margin of profits, and that said 5 per cent was not in addition to the drawing account of $400 per month, and that plaintiff, having resigned his employment prior to the end of the year, and having received the sum of $400 per month during his period of service, was not entitled to any further compensation.

The written memorandum or contract providing for plaintiff's compensation was introduced in evidence, and reads as follows:

"McAlester, Oklahoma,
"February 28, 1946.
"Compensation Plan
"C. C. DRAPER
"McAlester, Okla.

"For the year of 1946 ending January 31, 1947:
"5% of Gross Margin.

"Monthly Drawing a/c of $400.00 per Month, based on regular full time services (time off deducted both as to salary and Gross Margin percent)

"It is agreed that based on the above, total compensation shall not be less than $5,000.00 per year (less deductions.)

"And that Draper is to render faithful service in accordance with instructions, rules, regulations, and methods of the Company, and economical operations.

"H. N. Pollock."

The decisive question presented for determination is whether the above-quoted memorandum or contract is ambiguous. The trial court held that it was ambiguous and permitted the introduction of parol evidence as to the meaning of the terms employed, the circumstances under which the agreement was made, and the negotiations leading up to the making thereof. Defendant asserts that the contract is plain and unambiguous, and that the trial court erred in permitting the introduction of parol evidence as to the negotiations preceding the making thereof and the circumstances under which it was made. We are unable to agree with defendant's contention, but are of opinion that the contract is ambiguous and that the trial court properly admitted the evidence objected to by defendant.

The ambiguity in the contract is occasioned by the parenthetical clause in the first paragraph thereof. Had the contract recited that the compensation was to be 5 per cent of the gross margin with a monthly drawing account of $400 per month it would have been plain and unambiguous. But in the parenthetical clause the $400 per month is referred to as salary, and the deduction for time off is made applicable both to that amount and to the gross margin percentage. If plaintiff was to receive a stated salary plus a percentage of gross margin, as contended by him, there might be some justification for deductions for time off being made, both from the salary and from the percentage of gross margin. But if the $400 per month was not independent of the 5 per cent of gross margin, but was a part of the said 5 per cent, an advance against it, as contended by defendant, it seems inconceivable that the parties would have contemplated or agreed that the deductions for time off should be made from both. The agreement, as interpreted by defendant, would result in a double deduction for time off, since both deductions would be taken from the 5 per cent of gross margin. This would, in our judgment, be not only unusual but unreasonable. That the 5 per cent of gross margin and the drawing account or salary were separate and distinct from each other is further evidenced by the following paragraph: "It is agreed that based on the above, total compensation shall not be less than $5,000.00 per year (less deductions)." As pointed out by plaintiff the word "total" as used in said paragraph would ordinarily denote the combination or addition of two or more factors.

While the above to some extent supports the contention of plaintiff, the statement "5% of Gross Margin" immediately following the date of the agreement, together with the reference to the $400 per month as a drawing account, to some extent supports the contention of the defendant. And where the writing does not clearly set forth the agreement, we have repeatedly held that the admission of parol evidence is proper. Packard Oklahoma Motor Co. v. Funk, 117 Okla. 96, 245 P. 571; Wood v. Polk, 193 Okla. 156, 141 P. 2d 796; Harjo Gravel Co. v. Luke-Dick Co., 194 Okla. 537, 153 P. 2d 112. The trial court properly admitted evidence as to the negotiations of the parties and the circumstances surrounding the transaction in order to enable the jury to ascertain the true contract between the parties, and did not err in submitting that question to the jury.

In Brogden v. Perryman, 176 Okla. 505, 56 P. 2d 398, we said:

"Where the meaning of an ambiguous written contract is in dispute, evidence of extrinsic facts and circumstances throwing light on the intention of the parties is admissible, and the construction of such a contract then becomes a mixed question of law and fact and should be submitted to the jury for its determination under proper instructions of the court. Swift v. McMurray, 133 Okla. 104, 271 P. 635."

To the same effect are Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okla. 188, 192 P. 209; Standard Accident Insurance Co. v. Goldberg, 120 Okla. 108, 250 P. 892, and numerous other cases.

The evidence was conflicting, plaintiff testifying that the agreement between Mr. Pollock and himself, which was purported to be set forth in the written memorandum, was that he should receive a salary of $400 per month and in addition 5 per cent of the gross margin. His testimony in this respect was contradicted by the testimony of Mr. Pollock and his secretary. Plaintiff's testimony as to the amount due him, arising from the percentage of gross margin to which he was entitled, being the sum of $2,744.76, was based upon his examination of the store records during the period for which he acted as manager. His testimony as to such amount is substantiated by that of the company secretary, and to some extent controverted by that of its president, who testified that the records kept in the store were not accurate. But the defendant nowhere introduced evidence tending to prove what it contended was the correct amount of gross margin during that period of time, or what 5 per cent thereof would have amounted to. Whether defendant discharged plaintiff or whether plaintiff resigned as manager was also disputed by the parties. We have reviewed the evidence and find therefrom that there was evidence reasonably tending to support the verdict of the jury. In this situation this court will not weigh the evidence, but will sustain the verdict of the jury if the same is supported by competent evidence. Cities Service Gas Co. v. Eggers, 186 Okla. 466, 98 P. 2d 1114; Denver Producing & Refining Co. v. Meeker, 199 Okla. 588, 188 P. 2d 858.

Defendant also complains that the instructions given by the trial court to the jury were erroneous. Examination of the instructions discloses that the court instructed the jury that if the contract of employment was by them believed to be as testified to by plaintiff, their verdict should be for the plaintiff, but should not exceed the sum of $2,744.76, the amount sued for by him. It further instructed the jury that if, on the other hand, they believed that the contract was as testified to by the defendant, and that the 5 per cent of the gross margin was all the compensation to which he was entitled, and that he had been fully paid on that basis by the drawing account of $400 per month, which he had received, their verdict should be for the defendant. We think these instructions fairly presented the issues to the jury. Defendant did not request any other or further instructions, and therefore is not in a position to complain that instructions defining gross margin of profit, and other instructions, should have been given. Kelly v. Cann, 192 Okla. 446, 136 P. 2d 896.

Defendant also contends that the trial court erred in admitting certain testimony over its objection, but examination of the record discloses that its contention in this respect is without substantial merit.

The record in the case sufficiently shows that no reversible error of law occurred at the trial, and that the verdict of the jury is supported by competent evidence.

Affirmed.

DAVISON, C.J., and CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur. WELCH and HALLEY, JJ., dissent.