Zaida SHORT, Appellant,

v.

**OKLAHOMA FARMERS UNION IN-
SURANCE COMPANY, Appellee.**

No. 52657.

Supreme Court of Oklahoma.

Oct. 14, 1980.

Rehearing Denied Nov. 24, 1980.

Louis W. Bullock, Chapel, Wilkinson, Riggs, Abney & Keefer, Tulsa, for appellant.

Bruce V. Winston, Cooper, Stewart & Elder, Oklahoma City, for appellee.

HARGRAVE, Justice.

This case arises from an attempt to collect on a policy of insurance issued by Oklahoma Farmers Union Insurance Company by plaintiff Zaida Short. The defendant, Farmers Union, issued the policy to Bobby Short and Zaida Short as joint insureds on June 4, 1974. The following month Zaida Short filed for a divorce. The day he was served with the summons, July 15, 1974, Bobby Short burned the insured dwelling after imbibing spiritous liquors and without the knowledge or assistance of his wife. Mr. Short subsequently plead guilty to a charge of arson.

In August of 1974 the parties were awarded a divorce. The decree awarded all property belonging to the parties, in addition to any proceeds of the insurance policy, to Zaida and she proceeded with efforts to collect on that policy. Farmers Union denied the claim and this action ensued. Zaida, as plaintiff, alleged a policy of insurance was issued to her and her husband and was in force at the time of the destruction of the residence, and that the loss exceeded the limits of the policy, $11,750.00.

The trial court entertained a motion for summary judgment filed by Farmers. The journal entry states that plaintiff and Bobby Short were married on the day of the fire and that the dwelling house was insured by Farmers and owned by the husband and wife in joint tenancy. The trial court also found the husband and wife were jointly insured on the policy of insurance covering the house. Mr. Short intended to and did burn the dwelling and did so in the absence of collusion or fraud on the part of plaintiff. After recitation of the above facts the trial judge held that

"Because of the marital relationship of the parties and their status as co–insureds on the insurance policy the plaintiff, Zaida Short, may not under Oklahoma law recover for the fire damage suffered . . ."

In the institution of this appeal plaintiff urges the court's ruling is erroneous under Oklahoma law and characterizes the error thusly in her petition in error:

"The Court erred in holding that under Oklahoma law that where a co–insured has not violated the terms of the policy that he or she can be precluded from the protection of the policy by virtue of the acts of another co–insured in spite of the fact that the policy does not exclude such coverage and that the innocent co–insured is not guilty of fraud or collusion."

In her brief the appellant summarizes the offered error of the trial court, stating that as a matter of law a wife cannot be barred from a cause of action solely by the independent acts of her husband. Secondly, appellant contends that under the language of this contract of insurance the rights, duties and obligations of a co–insured are several.

The general nature of the relation between an insuror and his insured is purely contractual, although its essential personal character does not preclude regulation by the state. *German Alliance Ins. Co. v. Lewis*, 233 U.S. 389 at 412, 34 S.Ct. 612 at 619, 58 L.Ed. 1011 (1914). As such, an insurance contract must be given the same consideration given other contracts of adhesion. *Lester v. Sparks*, 583 P.2d 1097 (Okl.1978). The contractual provisions relied upon by the trial court and the appellee to avoid liability for damage caused by the husband–arsonist are first, a provision of the policy defining a spouse as an insured:

"The unqualified word 'Insured' includes (a) the named Insured and (b) the residents of his household, his spouse, the relatives of either, and any other person under the age of twenty–one (21) in the care of an Insured. . . ."

Indeed, both Bob *and* Zaida Short were named insureds to this insurance contract. Where the spouse is an insured by virtue of the above language, appellee asserts the following provisions avoid or except coverage for damage caused by the intentional act of the insured spouse:

"CONCEALMENT, FRAUD. This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this in-

surance or the subject thereof, or the interest of the insured therein, or in the case of any fraud or false swearing by the insured relating thereto.

"PERILS NOT INCLUDED. This Association shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by: ... (i) neglect of the insured to use all reasonable means to save and preserve the property at and after a loss or when the property is endangered by fire in neighboring premises.

"CONDITION SUSPENDING OR RESTRICTING INSURANCE. UNLESS OTHERWISE PROVIDED IN WRITING ADDED HERETO THIS ASSOCIATION SHALL NOT BE LIABLE FOR LOSS OCCURRING (a) while the hazard is increased by any means within the control or knowledge of the insured; ..."

The question of whether a jointly insured party is precluded from recovering on a contract of insurance where the insured property is destroyed intentionally by another joint insured has been reached in several jurisdictions, but not Oklahoma. The majority view is exemplified by such cases as *Bellman v. Home Insurance Co.*, 178 Wis. 349, 189 N.W. 1028 (1922), and *Kosior v. Continental Ins. Co.*, 299 Mass. 601, 13 N.E.2d 423 (1938). *Bellman, supra*, holds, as does *Klemens v. Badger Mutual Insurance Co.*, 8 Wis.2d 565, 99 N.W.2d 865 (1959), that where the policy is issued jointly one spouse is precluded from recovering on the contract after the other spouse intentionally burned the property under a clause denying liability where the insured neglected to save and preserve the property at and after loss. There the Court stated the neglect provision of the policy was a joint obligation of the insured; breach thereof removed the risk from coverage by the contract. A second basis is discernible for denial of coverage in instances such as that considered here. These cases are based on the joint nature of the property ownership and not the breach of a joint obligation of the insureds. *Jones v. Fidelity & Guaranty Ins. Corp.*, 250 S.W.2d 281 (1952 Tex. Civ.App. error ref.), *Bridges v. Commercial Standard Ins. Co.*, 252 S.W.2d 511 (1952 Tex.Civ.App.). *There the Texas courts have stated that where* property *is jointly owned an innocent owner could not recover on a policy where a joint owner willfully set fire to the property.*

■ Arson is a crime whose threat to the public is general. The burning of a building not only threatens the financial well—being of its owner but endangers the public at large regardless of the structure's current profit position in the marketplace. Arson has been said to be difficult to detect because the intended result is the destruction of the premises that is evidence of the crime itself. In today's increasingly urban environment arson is a continuing threat to adjoining landowners, the public at large and the municipality which must combat such conflagrations. To allow recovery on an insurance contract where the arsonist has been proven to be a joint insured would allow funds to be acquired by the entity of which the arsonist is a member and is flatly against public policy. Arson has been held to be a fraudulent act, as any intentional destruction of the insured property. *Klemens v. Badger Mutual Ins. Co.*, 8 Wis.2d 565, 99 N.W.2d 865 (1959). Where, as here, the title to the property is held jointly and that property insured under a single policy and is destroyed by a joint insured's act of arson, the entire policy is voided under the first quoted contract provision declaring the policy to be void in the case of fraud or false swearing on the part of the insured.

The appellee contends the provision of the contract providing that the insuror is not liable for loss caused directly or indirectly by neglect of the insured to use all reasonable means to save and preserve the property at or after loss applies here. Additionally, the appellee points to the clause refusing liability while the hazard is increased by any means within the control or knowledge of the insured. Both clauses are applicable.

■ The appellant contends the Summary Judgment granted the appellee—defendant is improper by virtue of the letter and spirit of 32 O.S. 1971 § 15:

"Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, her own medical expenses, and by reason of loss of consortium, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone."

Similarly 32 O.S. 1971 § 9(1) provides that neither the husband nor wife as such is answerable for the acts of the other. These statutes do go far to establish that a married person has the same rights under the laws as a single individual. They do not exempt individuals from the binding effects of their contracts, however. It is the contractual agreement that is here controlling and measured by 32 O.S. 1971 § 9(1). It is correct to state that both spouses are accountable and bound by their contractual agreements in the same manner as any other two insureds would be. Here the spouse is not answerable for the arson of her husband simply because of their marriage as such but she is bound by the contract. The statute is not designed to afford protection to a spouse but to insure that a spouse is accorded the same treatment a single person is accorded when placed in the same position as the spouse. Under this insurance contract, a jointly insured party owning property jointly with an arsonist would be precluded from recovery under the contract without regard to his or her status as a spouse.

1. See Annot., "Right Of Innocent Partner Against Insurer Where Other Partner Destroys The Property," 27 A.L.R. 948 (1923) for cited cases; and Annot., "Fraud, False Swearing Or Other Misconduct Of Insured As Barring Recovery On Property Insurance By Innocent Co–Insured, 24 A.L.R.3d 450 (1969).

2. The portions of the policy relied on by the trial court and the appellee provide:
"CONCEALMENT, FRAUD. This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circum-

The summary judgment granted defendant is therefore AFFIRMED.

LAVENDER, C. J. IRWIN, V. C. J., and BARNES, SIMMS and OPALA, JJ., concur.

WILLIAMS, HODGES and DOOLIN, JJ., dissent.

HODGES, Justice, dissenting.

The crux of this case is whether the acts of a husband can be attributed to the wife, thus destroying her rights under an insurance policy. It is argued by the wife that: 1) under the terms of the insurance policy the rights, duties and obligations of co–insured are several, and 2) a wife cannot be barred from a cause of action solely by the independent acts of her husband.

I

Although this is a case of first impression in Oklahoma, the question of whether the obligations of co–insureds are joint or several has been determined in several jurisdictions. The view relied upon by the majority [1] is bottomed on a case involving a business partnership, *Bellman v. Home Insurance Co.,* 178 Wis. 349, 189 N.W. 1028 (1922). *Bellman* holds that the insurer is not liable for loss caused by the neglect of the insured to save and preserve the property; and that it is a joint obligation of the co–insureds. Under this theory, because the agreement is joint, intentional destruction is charged to both insureds and recovery by the innocent co–insured is precluded. Intentional burning of the insured property by one of the insureds voids the policy under the majority's position.[2]

stance concerning this insurance or the subject thereof, or the interest of the insured therein, or in the case of any fraud or false swearing by the insured relating thereto.
"PERILS NOT INCLUDED. This Association shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by: ... (i) neglect of the insured to use all reasonable means to save and preserve the property at and after a loss or when the property is endangered by fire in neighboring premises.

Principles of public policy prohibit recovery to an insured who fraudulently and intentionally sets fire to property covered by an insurance contract.[3] However, the later cases hold that the defense of arson by the insurer will generally not defeat an insured's recovery where there has been no finding that: the insured directly set the fire; had knowledge and authorized its setting; or later ratified the willful burning.[4] The question identical to the one at bar, was considered by the Maine Supreme Court in *Hildebrand v. Holyoke Mutual Fire Ins. Co.*, 386 A.2d 329, 331 (Me. 1978). In *Hildebrand*, the Court said the sole issue raised was whether it was proper to enter judgment for the wife whose husband set fire to her home. The Court held that it was not against public policy or violative of the terms of the insurance contract to permit recovery by the wife where the evidence demonstrated she was completely innocent of any wrongdoing. Under the terms of the policy the term "insured" was construed to mean a specific insured, the one who caused the loss sought to be recovered under the policy.[5] Recovery was permitted by the "named insured" for the loss despite the fact that it resulted from the intentional act of another "insured."[6] The court stated that it reached the result irrespective of whether the interests of the wife and her husband in the destroyed property were joint or several.

> "CONDITION SUSPENDING OR RESTRICTING INSURANCE. UNLESS OTHERWISE PROVIDED IN WRITING ADDED HERETO THIS ASSOCIATION SHALL NOT BE LIABLE FOR LOSS OCCURRING (a) while the hazard is increased by any means within the control or knowledge of the insured; ..."

Insured is defined rather broadly in the policy as:

> "The unqualified word 'Insured' includes (a) the named Insured and (b) the residents of his household, his spouse, the relatives of either, and any other person under the age of twenty–one (21) in the care of an Insured...."

3. *Orient Ins. Co. v. Parkhill*, 170 F.2d 510 (5th Cir. 1948).

In *Auto Owners Ins. Co. v. Eddinger*, 366 So.2d 123, 124 (Fla.App. 1979), the husband torched the home. The court posed the question as being whether the fraudulent act of a named co-insured husband voided the policy protection to an innocent co-insured wife.[7] The insurer contended that the policy language clearly indicated that the company intended to insure the couple jointly. In finding it did not, the court held that the question of whether the coverage was joint or several must be construed in favor of the wife because there was no clear indication to the contrary. It found where the policy language is susceptible to more than one interpretation, the interpretation which provides coverage for the insured should be applied.

## II

The wife contends that the reasoning behind the decisions, relied upon by the majority, has ultimately been premised upon the legal status of a man and wife as perceived under the laws of the particular state. I agree.

In *Howell v. Ohio Casualty Insurance Company*, 124 N.J. 414, 307 A.2d 142 (Super. Ct.Leg.Div. 1973), *modified* 130 N.J.Super. 350, 327 A.2d 240, 242 (1974), the New Jersey Court was faced with a very similar situation. The husband deliberately set fire to the family home and committed suicide while the house was still burning. The house was rendered uninhabitable and the personal property was destroyed. The wife,

4. *Hosey v. Seibels Bruce Group, S.C. Inc. Co.*, 363 So.2d 751, 753 (Ala. 1978).

5. *Pawtucket Mutual Ins. Co. v. Lebrecht*, 104 N.H. 465, 190 A.2d 420, 422 (1963).

6. See *Arenson v. Nat'l. Automobile & Casualty Ins. Co.*, 45 Cal.2d 81, 286 P.2d 816 (1955).

7. The policy in *Eddinger* contained a similar provision [See note 2, supra] to the policy in this case:

> "[The] entire policy shall be void, if whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstances concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

who was named as a co–insured on the insurance policy, sought to recover for the fire loss. The New Jersey Court, relying on statutes similar to Oklahoma's, based its decision upon the legal status of married women under New Jersey law, and on the separate legal identity of married women. The court explained that a refusal to permit recovery by the innocent spouse could only be expostulated on the outmoded metaphysical concept based on the legal fiction of the oneness of husband and wife. The court stated this interpretation could not seriously be defended and that to do so would result in the continued production of harsh and inequitable results.

When the Appellate Division of the Superior Court of New Jersey reviewed *Howell*, it held that the trial court had correctly determined the arson of the husband did not bar recovery under the policy by the innocent wife. The court said:

"[W]e reach this result irrespective of whether the interests of the wife in the tenancy by the entirety, in the personal property, or in the contract rights under the policy are deemed to be joint or several. The significant factor is that the responsibility or liability for the fraud–here the arson–is several and separate rather than joint, and the husband's fraud cannot be attributed or imputed to the wife who is not implicated therein. Accordingly, the fraud of the co–insured husband does not void the policy as to plaintiff wife" [Citations deleted].

Where the property of an insured is tortiously destroyed by his or her spouse, the wrongful conduct cannot be attributed to the insured in order to prevent recovery on the policy because of the marital relation-

ship. The Wisconsin Supreme Court in *Shearer v. Dunn Co. Farmers Mutual Ins. Co.*, 39 Wis.2d 240, 159 N.W.2d 89, 93 (1968) considered a reversed factual situation. In *Shearer*, the wife intentionally burned the home. The court held that the acts of the wife did not preclude recovery by the husband. The court said:

"This court rejects the invitation to invent a doctrine that a spouse should be denied recovery on an insurance contract because of action of the other spouse when those actions cannot be imputed to the insured spouse. The marriage relationship should not be used as a basis for such a law. Married people are still individuals and responsible for their own acts. Vicarious liability is not an attribute of marriage."

The separate legal identity of husband and wife has been recognized in Oklahoma since statehood [8] There is no question that, under the provisions of 32 O.S.Supp. 1973 § 15, the wife has the right to sue and be sued in her own name. She may maintain an action for injuries to either her natural or statutory rights as if she were a *feme sole*.[9] Pursuant to 32 O.S. 1971 § 9(1), *neither the husband nor wife*, as such, *is answerable for the acts of the other*; and a spouse has no right to dispose of the other's property without permission.[10]

## III

Insurance contracts are contracts of adhesion, and where the contract is susceptible of two constructions, the construction most favorable to the insured must be adopted. Standardized or printed contracts are interpreted most strongly against the

**8.** It is provided by 32 O.S.Supp. 1973 § 15:
"Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury sustained to her reputation, person, property, character or any natural right, her own medical expenses, and by reason of loss of consortium, she shall have the same right to appeal in her own name alone to the courts of law or equity

for redress and protection that her husband has to appeal in his own name alone."

**9.** *Moore v. Moore*, 59 Okl. 83, 158 P. 578 (1916); *Fiedeer v. Fiedeer*, 42 Okl. 124, 140 P. 1022 (1914).

**10.** *Caylor Lumber Co. v. Mays*, 73 Okl. 30, 174 P. 521 (1918).

party who prepared the form.[11] The policy could have been written to negate the collection of insurance by a co–insured under this set of facts. A careful examination of the law reveals that, in the State of Oklahoma, there is no impediment to the spouse being able to recover on a policy where the act of the other spouse has occasioned the loss. A fire insurance policy which covers the interests of more than one insured should be considered several as to each person insured unless the terms are plainly stated to the contrary and are clearly called to the attention of the insured. The fraud or misconduct of a co–insured spouse should not bar recovery of the innocent co–insured.

I, therefore, respectfully dissent.

I am authorized to state that Justice WILLIAMS and Justice DOOLIN concur in the views herein expressed.

---

11. *Wilson v. Travelers Ins. Co.*, 605 P.2d 1327, 1329 (Okl.1980); *Harjo Gravel Co. v. Luke Dick Co.*, 194 Okl. 537, 153 P.2d 112 (1944); *Wilson v. Mid–Continent Life Ins. Co.*, 159 Okl. 191, 14 P.2d 945, 84 A.L.R. 386 (1932).