**AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Shirley MITCHELL, Forest D. Mitchell, The Bank Josephine, City of Prestonsburg, Kentucky, Appellees.**

No. 92–SC–687–DG.

Supreme Court of Kentucky.

Oct. 28, 1993.

Rehearing Denied March 24, 1994.

David B. Sloan, Michael K. Ruberg, O'Hara, Ruberg, Taylor, Sloan & Sergent, Covington, KY, for appellant.

Jerry A. Patton, Prestonsburg, KY, for appellee, Shirley Mitchell.

Hugh Richards, London, KY, for appellee, The Bank Josephine.

Jimmy M. Hammond, Prestonsburg, KY, for appellee, Floyd County.

Larry Brown, Prestonsburg, KY, for appellee, City of Prestonsburg.

Forest D. Mitchell, pro se.

KATHRYN BURKE, Special Justice.

This case arose out of the destruction of a house owned by the Appellee, Shirley Mitchell. The home was insured by a homeowner's insurance policy issued to Shirley Mitchell and her then husband, Forest D. Mitchell. The policy listed both Forest and Shirley Mitchell as insureds. The record reveals that Shirley Mitchell was the owner of this property, having owned it at a time prior to her marriage to Forest D. Mitchell. The policy was issued on January 13, 1986 and the home was destroyed on September 29, 1986, at a time when the Mitchells were visiting relatives in Michigan. An investigation indicated that gas had leaked into the home and the gas was ignited by candles that had been left burning in the home. Forest D. Mitchell had been the last person to leave the home before they had travelled to Michigan. Forest D. Mitchell was charged with arson and acquitted. No criminal charges were brought against Shirley Mitchell.

The Appellant denied coverage to the Mitchells.

The Bank Josephine held a mortgage on the subject matter property. When The Bank Josephine filed a foreclosure action against the Mitchells, Shirley Mitchell filed a Third Party Complaint against the Appellant seeking to recover the proceeds from the homeowner's policy. Subsequent to the filing of the Third Party Complaint, the Appellant retired the indebtedness of the Mitchells with the Bank. At that time the Appellant took an assignment and subrogation agreement succeeding to all of the rights of the Bank.

Forest D. Mitchell did not respond to the suit and a Default Judgment was entered against him. A Summary Judgment was then entered against Shirley Mitchell which was appealed and the Court of Appeals reversed and remanded the matter to the trial court. The Appellant, after being denied a Petition for Rehearing, filed a Motion for Discretionary Review which was granted by this court.

The question of whether the obligations of co-insureds are joint and several appears as a case of first impression in this jurisdiction.

Principles of public policy generally prohibit recovery by an insured who fraudulently and intentionally sets fire to property covered by an insurance policy. However, several jurisdictions have held that a defense of arson will not defeat recovery under an insurance policy unless the insured directly set the fire; had knowledge and authorized its setting; or later ratified the intentional act. At least one court has held that it was not violative of public policy or of the terms of an insurance policy to permit recovery by one spouse where the evidence demonstrated that the spouse was completely free of any wrongdoing. *Hildebrand v. Holyoke Mutual Fire Ins. Co.*, Maine, 386 A.2d 329 (1978).

The Appellant argues that for the purposes of insurance, the interests insured were joint, arising from the Mitchells' legal identity as husband and wife. Therefore the argument is that this joint interest is only one interest for the purposes of a policy of insurance. Therefore, the act of one spouse is the act of the other and there is a bar to any recovery by either of the joint interests.

This court has consistently moved away from the concept that husbands' and wives' legal status is unified as one by reason of their marriage relationship. Rather the court has recognized that the legal status of wives is separate and apart from that of their husbands. *Hoye v. Hoye*, Ky., 824 S.W.2d 422 (1992).

■ Therefore a wife and husband are individually responsible for their own separate acts and not for the acts of the other. As stated by the dissent in the case of *Short v. Oklahoma Farmers Union Ins. Co.*, Okla., 619 P.2d 588 (1980):

"Where the property of an insured is tortiously destroyed by his or her spouse, the wrongful conduct cannot be attributed to the insured in order to prevent recovery on the policy because of the marital relationship." Id. at 593.

Therefore, the proper rule should be that an innocent spouse should not be denied coverage under any policy of insurance simply because of the marital relationship. Since insurance policies are contracts of adhesion and interpreted most strongly against the party preparing same, the policy could have been written to negate the collection of insurance by a co-insured. An insurance policy which covers the interests of more than one insured should be considered several or separate as to each person insured.

■ The resolution of this issue brings us to the next issue, as to whether or not a material issue of fact existed and, whether the entry of the Summary Judgment was proper. For one spouse to recover the proceeds of a policy when there is evidence that the other spouse intentionally caused the loss, there must be a determination if the spouse seeking recovery is in fact "innocent".

■ Innocence in this context requires a determination of whether the spouse actually set the fire; had knowledge and authorized its setting; or later ratified the intentional act. This, therefore, becomes a question of fact for the jury to determine. We agree with the Court of Appeals' Opinion in this case which states:

"Of course, our review of summary judgment is whether there is a genuine issue of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law. *See Conley v. Hall*, Ky., 395 S.W.2d 575 (1965); CR 56.03. We think, under the foregoing circumstances, there is a genuine issue of fact as to whether Shirley participated in burning the residence. For that reason and because (as hereinafter discussed) Shirley is not barred by law, we think the circuit court erred in entering summary judgment against her. The issue of her involvement should have been subjected to proof. After receipt of evidence on the issue (should the court conclude that reasonable minds may differ as to Shirley's involvement), same should be submitted to the jury for determination. *See Lee v. Tucker*, Ky., 365 S.W.2d 849 (1963)"

For the aforementioned reason, the opinion Court of Appeals is affirmed. The case is hereby remanded to the Floyd Circuit Court for proceedings consistent with this Opinion.

STEPHENS, C.J., LAMBERT and REYNOLDS, JJ., concur.

LEIBSON, J., dissents in a separate dissenting opinion in which SPAIN and WINTERSHEIMER, JJ., join.

COMBS, J., not sitting.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

I would affirm the trial court's decision to grant summary judgment in this case. The ex-husband, Forest D. Mitchell, was a *named* insured on this insurance policy. This should make a critical difference in the way this case is decided.

The policy excludes from coverage:

"Intentional Loss, meaning any loss arising out of any act committed:

(1) by or at the direction of an insured; and

(2) with the intent to cause a loss."

I would agree that this exclusion should not foreclose Shirley Mitchell's right to recover for her loss had the fire been set by a person or persons other than another named insured. This is so because the broad definition of the unqualified word "insured" elsewhere in the policy is too attenuated from the intentional loss exclusion to provide adequate notice. It is defined to include any relative in the same household or even nonrelatives who are children residing in the same household. This definition would be inadequate to put Shirley Mitchell on notice that coverage is excluded for a fire set intentionally by persons who fit within this broad definition of an insured, where she has no knowledge and no complicity in setting the fire. To extend the exclusion so broadly would exclude coverage beyond the reasonable expectations of the policyholder.

Nevertheless, it is well within the reasonable expectations of the policyholder, under the language of this policy, to understand that if the fire is set by another *named* insured, with or without her complicity, coverage is excluded. The "Intentional Loss" proviso, standing alone, is sufficient to convey this meaning.

Shirley Mitchell had no legitimate expectations of recovery for her loss under this policy if the loss was caused by the other named insured. Forest D. Mitchell was another named insured; therefore, the trial court's summary judgment was appropriate.

The marital relationship of the named insured is not the issue. If Shirley and Forest Mitchell were brothers rather than husband and wife, or, indeed, if they were completely unrelated, so long as they are both named insured, neither could reasonably expect any right to recover for the loss, individually or collectively, where the fire was set intentionally by another named insured. The policy exclusion is sufficient to provide notice in these circumstances.

SPAIN and WINTERSHEIMER, JJ., join.